MEYER v. McCABE, *et al., Appellants.*

1.  **Practice**: EVIDENCE. Where the evidence is conflicting, this court will not disturb the findings of the trial court on the ground that they are against the weight of evidence.

2.  **Law of Sister State**: EVIDENCE. What is the law of a sister state is a question of fact, to be proved like any other fact by appropriate evidence. In the absence of such evidence, it will be presumed that the common law is in force.

3.  **Husband and Wife**: TITLE TO .PERSONAL PROPERTY. The act of March 25th, 1875, in relation to married women's property, (R. S. 1879, § 3296,) does not change the relative rights of husband and wife to personal property acquired in another state and brought by them, since the passage of that act, into this State.

4.  **Justice's Court**; PLEADING. The technical rules of pleading should not be enforced in suits before justices of the peace. A statement in trover which describes the property taken as "certain household goods," without anything more definite, is good, at least after verdict.

5.  **Pleading**: WAIVER. Where defendant is entitled by law to have a bill of items filed with the petition, he should insist upon his right in the trial court. If he goes to trial on the merits without insisting upon it, he will be deemed to have waived it.

*Appeal from Gentry Circuit Court.*—HON. S. A. RICHARDSON,. Judge.

AFFIRMED.

*B. F. Lucas* for appellants.

RAY, J.—This was an action of trespass commenced originally before a justice of the peace in Gentry county,. Missouri, where, upon a trial before a jury, the plaintiff got a verdict and judgment for $30, from which the defendant appealed to the circuit court, where, upon a trial before the court without a jury, the plaintiff again got a judgment and verdict for $15, from which the defendants, after an unsuccessful motion for a new trial, bring the case here by appeal.

The complaint filed before the justice, on which this.

ac tion was founded, is as follows : "Plaintiff states that on the 12th day of June, 1877, the defendants wrongfully and unlawfully entered the possession of the premises of the plaintiff, and wrongfully and unlawfully broke into the dwelling house of the plaintiff, situated in Gentry county, Missouri, and then and there unlawfully and wrongfully took and carried away certain household goods in said house situated and belonging to plaintiff, of the value of $25 ; that the plaintiff has been damaged by the unlawful and wrongful breaking into the dwelling house by the defendants in the sum of $25. Wherefore plaintiff prays judgment against the defendants for the said sum of $25 for the taking of said household goods, and the further sum of $25 for the wrongful and unlawful breaking into plaintiff's house as aforesaid." At the return day before the justice, the defendants filed a motion to dismiss the cause for the reason that no bill of items had been filed as required by law, which motion was overruled by the justice. At the retrial of the cause in the circuit court, this motion was not again renewed or insisted on, but the parties went to trial on the merits before the court without a jury. During the trial no exceptions were taken to any of the rulings of the court, nor were any instructions or declarations of law asked or given on either side.

After the finding and judgment of the court for plaintiff, the defendants, in due time, filed their motion for a new trial, for the following reasons : 1st, The finding of the court sitting as a jury is contrary to the evidence. 2nd, The finding of the court sitting as a jury is against the weight of evidence. 3rd, That the property in controversy in this suit came to the possession of Emma Meyer, the wife of plaintiff, in August, 1874, while she was residing with her said husband in the state of Indiana, as appears by the uncontradicted evidence in the cause, and by the laws of the state of Indiana, the said property remained the separate property of his wife, Emma Meyer, during all the time she continued to reside in the state of Indiana.

4th, That the said Emma Meyer continued to reside with her said husband in the state of Indiana until the year 1876, when they removed with said property to the State of Missouri, where the provisions of the statute of Missouri, approved March 25th, 1875, amendatory of chapter 115, General Statutes, entitled " Of husband and wife, and the rights of married women," immediately attached and became operative upon said property so as to continue the title thereto in the said Emma Meyer. 5th, The court erred in rendering judgment for the plaintiff for the value of any part of the property claimed by him on the trial of the cause, because there was no evidence showing that the said plaintiff had ever reduced said property to his possession in the manner required by law.

The defendants also, in due time, filed their motion in arrest of judgment for the reasons: 1st, The finding was against the evidence in the cause. 2nd, The finding was against the weight of evidence in the cause. These motions for a new trial and in arrest being both overruled by the court, the defendants then and there duly excepted.

It appears from the bill of exceptions that plaintiff, on the 2nd day of March, 1871, married the daughter of one of the defendants, and the sister of the other; that this marriage took place in the state of Indiana, where all the parties resided at the time; that shortly thereafter, in the spring of 1871, all the parties removed to the State of Missouri, and settled in Gentry county; that in the fall of 1871 the plaintiff and wife moved back to the state of Indiana, where the wife remained with her husband about one year, when she left him on account of alleged mistreatment, and returned to her father in Gentry county, Missouri, where she remained about eighteen months, when her husband came to Missouri and persuaded his wife to return with him to Indiana, which she did in the summer of 1874, where plaintiff and wife continued to reside until sometime in 1876, when they again removed to Missouri and settled in Gentry county. It also appears in August, 1874, when

plaintiff and wife were about to return to Indiana the second time, that the mother of Mrs. Meyer, in Gentry county, Missouri, boxed up a feather bed, a blanket, two quilts with some minor articles of bed-clothes and some other articles, and shipped them to her daughter in Indiana as a present to her, where the articles arrived in due time. The trial of this cause in the circuit court of Gentry county took place in October, 1877, and the evidence showed that on the 12th day of June, 1877, the defendants, in company with Mrs. Meyer, the wife of plaintiff, and one George Coffee, went to the house of plaintiff while he was absent in the field, and upon their arrival at the house, which was closed and fastened, the said Coffee opened the house, and Mrs. Meyer entered and brought out a feather bed, a blanket, three quilts, two pillow-cases, sheets and some other articles, including clothing of wife and child, etc., and that Perry McCabe, one of the defendants, put them in the wagon while his father, the other defendant, stood at the fence beside the wagon. The goods thus taken were then carried to the house of the elder McCabe, where his daughter, the plaintiff's wife, was then staying. It did not appear how long before that she had left the house of her husband and gone to reside with her father. There was no question as to the fact of the taking and carrying away the goods in question, nor any special controversy as to their value, but the main controversy on the trial before the circuit court was as to the identity and ownership of the goods thus taken. The defendants claimed that they were the same articles which the mother of plaintiff's wife in August, 1874, had boxed up and shipped to her daughter, plaintiff's wife, in the state of Indiana, as a present to her; and that said goods were her property, and not the property of plaintiff. On the contrary, the plaintiff denied that they were the same goods thus sent, but other and different goods obtained in part from his father, the balance made in his family out of materials he had furnished; and that the goods were his, and not the property of his wife

On both these points the evidence was contradictory and conflicting.

No proof whatever was made before said circuit court, at least the bill of exceptions shows none, as to what was the law of Indiana touching the ownership of such goods or the rights of married women thereto, if any, at the time of their arrival or while they remained in that state. The only evidence touching the existence, pendency or result of the divorce suit was the statement of plaintiff on cross-examination that " he was a witness and testified in reference to his wife's application for alimony pending the divorce suit." It does not appear when that suit was brought, whether it had been tried and disposed of, or how, or whether it was still pending. This is all the reference made to it. From this record it appears that no exceptions whatever were taken to the action of the trial court except in overruling the motions for a new trial and in arrest of judgment.

That there was no error in overruling these motions is manifest, we think, from the record itself. The trial 1. PRACTICE: evidence. was before the court. No instructions or declarations of law were asked or given on either side. The evidence before the court, on all the controverted points of the case was contradictory and conflicting in a high degree; and in all such cases the rule is not to disturb its findings upon the mere suggestion that the same are against the evidence or weight of evidence. In such cases it is the province of the trial court to weigh and pass upon the evidence, and we will not review its decision unless some erroneous rulings as to the law of the cause is made to appear. This position is too well settled to need either argument or citation of authority.

But the appellants insist that, as plaintiff and wife were domiciled in the state of Indiana when the articles in 2. LAW OF SISTER STATE: evidence. question were shipped to them from Missouri, that the gift took effect upon their arrival at their destination in Indiana, and that by the law of that

state said property remained the separate property of the wife, Emma Meyer, and not the property of the husband. But the record shows that no proof whatever was made or offered in the trial court to show what the law of Indiana was on that question.    The law of a foreign state, or one of the states of the union, is a question of fact to be proved like any other fact by appropriate evidence.    *Charlotte v. Chouteau,* 25 Mo. 465.    No such evidence was offered, and in its absence, the court will presume that the common law was in force in that state, and that the title vested according to its rules.    *Warren v. Lusk,* 16 Mo. 102; *Houghtaling v. Ball,* 19 Mo. 84.

This gift from the mother to the daughter was made in August, 1874, prior to the enactment of the Missouri

3. HUSBAND AND WIFE: title to personal property. statute of March, 1875, set up in appellants' motion for a new trial.    Such gifts of personal property in this state made prior to the date of that law would, by the rules of common law then in force, vest the title in the husband, and not in the wife, and in absence of proof to the contrary, the court will hold that it is so vested in the state of Indiana.    After it had thus vested, the transfer of the husband and wife with said property to Missouri in 1876, will not have the effect to divest the title from the husband and transfer it to the wife.    The operation of the Missouri statute of March 25th, 1875, can have no force or effect to disturb or change the relative rights of husband and wife to personal property acquired in a foreign jurisdiction and before their arrival in Missouri.    In this case no question can arise as to the operation or effect of the divorce-law upon the title of this property, inasmuch as no evidence is shown by the bill of exceptions to have been made or offered in the trial court to show that any divorce had in fact been obtained at the date of said trial. Indeed the appellants' brief in this court admits that no divorce was obtained until after that trial.

The appellants further insist that there was no such statement filed with the justice of the peace, or in the cir-

4. JUSTICE'S COURT: pleading.  cuit court, as would entitle the plaintiff to recover, or as would support a verdict. This objection, we think, is not well taken. " The technical rules of pleading should not be enforced in suits before justices of the peace." *Coughlin v. Lyons*, 24 Mo. 533; *Quinn v. Stout*, 31 Mo. 160. If the term "certain household goods," as used in this complaint, could be said to be too general and indefinite according to the strict rules of good pleading, it is certainly good after verdict.

The motion made by the defendants in the justice's court to dismiss the cause for the reason that no bill of items was filed as required by law, was not renewed or made in the circuit court, where the trial is *de novo*, and the defendants, having gone to trial in that court on the merits, will not now be heard to raise that objection; they will be held to have waived it. For these reasons the judgment in this cause is affirmed. All concur.

5. PLEADING: waiver.