## N. O. NELSON MANUFACTURING COMPANY, Respondent, v. W. J. S. MITCHELL, Appellant.

### St. Louis Court of Appeals, December 17, 1889.

1. **Pleading: SUFFICIENCY OF ACCOUNT.**   In an action for materials furnished and work done, without any special contract or separate price for any of the items, a petition stated the time and place and the particulars of the work and labor, but did not contain, or have attached to it, an account stating separately the price or value of each item; *held*, that an objection did not lie to the introduction of any evidence under the petition on account of the absence of such account.

2. **Practice, Trial: VARIANCE.**   In an action for the price of a boiler supplied under a contract, which required it to be made "of Park Bros.' best flanged steel," the absence of evidence, that the boiler furnished was made of such steel, does not amount to such entire failure of proof as to preclude any recovery for the boiler.

3. ———: ———. If, in such case, it appears that the boiler was made of flanged steel, substantially of the same quality and value, and equally as suitable for the boiler, as the steel of the special make contracted for, the right to recover for the boiler is not affected by this deviation from the terms of the contract.

4. **Witness, Competency of.** In such case, a witness, who has no knowledge whether the steel used was of the make of Park Bros., is not competent to testify to his impression that it was.

5. **Instructions.** An instruction based on a theory, not consistent with the issues made in the pleadings, is properly refused.

6. **Practice, Appellate.** A judgment will not be reversed, on appeal, for error which did not materially effect the matter in issue.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*W. C. Marshall,* for the appellant.

(1) The circuit court erred in overruling defendant's objections to the introduction of any evidence, because the petition does not state facts sufficient to constitute a cause of action, and because the items of the account were not set forth in the petition, nor was there any account filed with the petition. R. S. 1879, sec. 3547; *State ex rel. v. Smith,* 89 Mo. 408; *McWilliams v. Allan,* 45 Mo. 573; *Boylan v. Steamboat,* 40 Mo. 244; *Budde v. Allen,* 21 Mo. 20; *Labodie v. Maguire,* 6 Mo. App. 573; Bliss on Code Pleading, sec. 298. (2) The plaintiff cannot sue upon one cause of action and recover upon another, *i. e.,* sue for furnishing a boiler of Park Bros.' best flanged steel, and recover for furnishing a boiler, equally as good, or better, made by some one else. *Halpin v. Manny,* 33 Mo. App. 388; *Cabanne v. Skinker,* 56 Mo. 357; *Clements v. Yeates,* 69 Mo. 623; *Murphy v. Bedford,* 18 Mo. App. 289; *Kemp v. Foster,* 22 Mo. App. 643. In either instance the plaintiff is bound to recover as the claim is laid or not at all. *Field v. Railroad,* 76 Mo. 614; *Groll v. Tower,* 85 Mo. 249; *Groll v. Tower,* 12 Mo. App. 585;

*Fearth v. Anderson,* 87 Mo. 354. (3) There was no evidence in this case that the boiler furnished was made by Park Bros.; the statements of the impression of plaintiff's superintendent cannot be dignified into evidence.

*Taylor & Pollard,* for the respondent.

(1) The petition states facts sufficient to constitute a cause of action; and the account was good as against the objection of defendant. If it was not sufficiently specific, defendant, by omitting to demur, or moving to have it made more definite and certain, and by joining issue, and going to trial, waived all objections thereto; and such defect, if any, was cured by verdict. R. S., secs. 3515 and 3519; *Camors v. Gomila,* 9 Mo. App. 205; *Crone v. Mallinckrodt,* 9 Mo. App. 316; *Coal Co. v. Brewing Co.,* 20 Mo. App. 16; *Carrington v. Hancock,* 23 Mo. App. 299; *Edmonson v. Phillips,* 73 Mo. 57; *State to use v. Williams,* 77 Mo. 467. (2) The account stated in the petition, under the pleadings, was unquestionably good. *Hilliker v. Francisco,* 65 Mo. 568; *Johnson v. Building Co.,* 23 Mo. App. 547; *Hayden v. Wulfing,* 19 Mo. App. 354; *McLaughlin v. Schawacker,* 31 Mo. App. 365. It is not true that plaintiff sued on one cause of action, and recovered upon another, as stated by appellant. *Smith v. Hutchinson,* 83 Mo. 683; *Groll v. Tower,* 85 Mo. 251.

BIGGS, J., delivered the opinion of the court.

The plaintiff sued to recover the reasonable value of certain materials furnished, and work done by it, in making improvements in a building, alleged to belong to defendant, and situated in the city of St. Louis. The defendant answered and averred a special contract which the plaintiff had failed to observe, not only as to the work done, but in reference to the character of the

materials furnished, by reason of which he claimed damages in the sum of five hundred dollars. The defendant's answer also contained a general denial. The plaintiff put in issue the new matter in the answer by its reply. Upon these pleadings the parties went to trial, and the jury returned a verdict for the plaintiff for the sum of one thousand and twenty-two dollars and eighty cents. The circuit court entered a judgment on this verdict, and the defendant, having unsuccessfully moved for a new trial, has prosecuted his appeal to this court.

On the trial the defendant objected to the introduction of any evidence because the petition did not state facts sufficient to constitute a cause of action. He also made the additional objection that the petition did not contain an itemized account of the work done and materials furnished, nor was a copy of such account attached to the plaintiff's petition. His objections were overruled, and he now assigns this action of the court for error. The defendant now claims that the plaintiff failed to prove his cause of action, as alleged, and that this amounted to an absolute failure of proof. For this reason he complains of the plaintiff's first instruction, and he urges this as a reason why the judgment cannot be upheld. The court refused one instruction asked by the defendant, and he assigns this for error.

The plaintiff in its petition averred in substance that in August, 1887, at the defendant's request, it erected and furnished for a certain building in St. Louis, and the property of the defendant, the following goods, wares and merchandise, and performed the following labor in reference thereto, viz.: "One steel boiler, fifty inches in diameter, fourteen feet long, containing forty-four, three and one-half inch flues; one steam dome, manhead front and rear, class 'C,' three-fourths full front; extension stack and breeching required to connect with permanent flue in the building; latest

improved gauges, cocks and valves, required for a complete setting in the best manner; the whole set in substantial masonry, in a manner to secure the best economy of fuel and labor in operation; said boiler being made of Park Bros.' best flanged steel, specially made for high grade of boiler work, and the construction throughout being of the best class; and removed a wood tank and steam pump and reset same and furnished necessary fittings therefor; and moved five ash-pit doors to the east side of defendant's Heine boiler setting, and reconstructed defendant's return pipes provided for defendant's said Heine boiler." The plaintiff also alleged that the reasonable value of the materials furnished and labor performed was nine hundred and fifty-six dollars and eighty cents, for which together with interest he prayed judgment.

The defendant, in his answer, set up a counterclaim in which he alleged a special contract by which the plaintiff had agreed to furnish and erect in "*defendant's building*" the same materials, and to perform the same work alleged by the plaintiff in its petition. The defendant then averred a non-fulfillment of this contract in several particulars, and among them that the boiler furnished by the plaintiff was not made of "Park Bros.' best flanged steel, specially made for high-grade boiler work," etc.

The evidence was not set out in full in the bill of exceptions, but the following purports to be the substance of plaintiff's evidence as to the boiler furnished, viz.:   " That said boiler was made by the Atlas Engine Works of Indianapolis, out of homogeneous steel, which meant all of one kind or quality and without flaws; but whether it was made of Park Bros.' best flanged steel, the plaintiff did not know positively, but according to the best impression of plaintiff's foreman, Mr. Reed, who set the boiler, it was of Park Bros. & Co.'s best flanged steel.   That the boiler was made by the Atlas

works and, shortly before it was constructed, they were using no other steel than Park Bros.' best flanged steel for boilers, and, according to the best impression of Mr. Reed, this boiler was made out of that character of steel; that plaintiff did not know what kind of steel the Atlas Engine Works were using when they made this boiler; that it was the best flanged steel; that Park Bros. were makers of boiler steel, but there were half a dozen other firms who also made boiler steel; that Carnegie Bros., Atlas Bros. and Springfield Steel Works also made boiler steel; that their steel was all about the same price, except Otis Bros., which was a little higher priced; that the boiler furnished was specially made for high-grade boiler work, and the construction throughout was of the best class." The bill of exceptions also states, that the plaintiff introduced other testimony tending to prove the other averments in his petition, and that the work done and materials furnished were reasonably worth the amount claimed in the petition.

The defendant introduced evidence, tending to prove that the engine furnished was not made out of Park Bros.' best flanged steel, and that the plaintiff had failed to do the work in a proper way, and had in several matters failed to furnish the kind of material contracted for; that "the defendant was not the owner of the building and had nothing to do with it or the work, except as the agent of the owners, who were his father and uncle, and that plaintiff knew he was not the owner of the building."

The plaintiff's evidence in rebuttal tended to show that he had performed the work in a proper way, and that it was a first-class job in every particular; that, at the time the contract was made and the work done, the defendant represented that he was the owner of the building, and that plaintiff knew nothing to the contrary until the trial.

Nelson Mfg. Co. v. Mitchell.

The defendant's counsel, in his brief, contends that the statements of the petition, concerning the materials furnished and the work performed, are not such a statement of account as the statute contemplates, and that for this reason the court ought not to have permitted the plaintiff to introduce any evidence in support of this alleged cause of action. The sufficiency of the pleading is challenged in no other way. It is quite impossible for the courts to prescribe any particular rule or form for the statement of an account, upon which a recovery is sought. The general rule is that the items composing the account must be stated with sufficient minuteness and detail to advise the adverse party of the exact nature of the cause of action he is called upon to defend, and to prevent a recovery on the same cause of action in another suit. We are of the opinion that the averments in the petition are sufficient to bring the case within this rule. The entire work done and materials furnished pertained and belonged to a heating apparatus which the plaintiff undertook to erect in the defendant's building. The petition stated when and where the work was done, and it also contained a statement of the articles furnished and used in making the improvement, and also the amount and kind of labor done in completing the work. The petition does not allege the value of each article furnished, nor does it fix the value of the different classes of work done, but avers that the whole was reasonably worth a certain sum. It would in all probability have been impracticable for the plaintiff to have fixed a separate value on each article, and for each kind of work; this is apparent from the contract entered into between the parties for this particular work, in which the parties themselves fixed one price for the entire structure, including materials and labor. The defendant could not have been in doubt concerning the exact nature of the plaintiff's demand, and it is very clear that the proceedings

in this case are sufficiently definite to prevent another suit for the same cause of action. We are, therefore, of the opinion that the court did right in overruling the defendant's objection to the introduction of any evidence in support of the action.

The second assignment of error is an alleged failure of proof in reference to the boiler furnished by the plaintiff. The petition averred that the boiler was made of Park Bros.' best flanged steel, and the defendant's contention is that the plaintiff's evidence failed to support this allegation, and that this constituted a failure of proof under the statute, and not a simple variance. Section 3702, Revised Statutes, 1879, reads as follows: "When the allegation of the cause of action or defense, to which proof is directed, is unproved, not in some particular or particulars only, but in its entire scope and meaning, it shall not be deemed a case of variance, but a failure of proof."

If we admit all that defendant claims as to the probative force of plaintiff's evidence, yet it is undisputed that the plaintiff did furnish a boiler made of the best flanged steel and entirely suitable for high-grade boiler work. Admit that the steel was not manufactured by Park Bros., would that amount to a failure to prove the plaintiff's cause of action in its entire scope and meaning? If the proof had shown that the plaintiff had placed an engine in the defendant's building instead of a boiler, then the case would be within the meaning of the statute. We have many decisions in this state construing and illustrating this statute. When a petition avers the sale of goods, a recovery cannot be had on a state of facts which would constitute a trespass *de bonis asportatis*. *Link v. Vaughn*, 17 Mo. 585. If a party sues for obstructing the flow of surface water, he cannot recover for the obstruction of a running stream of water. *Field v. Railroad*, 76 Mo. 614. In the case of *Groll v. Tower*, 85 Mo. 249, the plaintiff alleged that

the deceased received the injuries which resulted in his death from a fall, and that the accident was caused by the defendant's negligence. The evidence not only failed to show that the deceased fell, but there was a failure of proof concerning the cause of the injuries. The court held that the case was within the statute.

In the case at bar, it cannot be said that there was an absolute failure of proof as to the boiler. If it be granted that the plaintiff's testimony had no tendency to prove that the boiler was made of Park Bros.' best flanged steel, yet this condition of the proof would only have presented a case of simple variance; and, if the defendant on account of it had been surprised, or in any way prejudiced in his defense, it would have presented a good cause for a continuance at the plaintiff's costs.

The defendant next complains of the plaintiff's first instruction, because it assumed, that there was some evidence in the case that the boiler *was* made of Park Bros.' best flanged steel. The instruction reads as follows: "The court instructs the jury, that if they believe from the evidence that plaintiff sold and delivered to the defendant the boiler, steam dome, manhead front and rear, extension stack breeching required to connect with permanent flue in the building and improved guages, cocks and valves required for the completing in the best manner, and set the boiler, and other parts usually set in masonry, in substantial masonry in a manner to secure the best economy of fuel and labor in operation; that the boiler was made of Park Bros.' best flanged steel, especially made for high-grade boiler work, and that the construction throughout was of the best class, and that plaintiff removed a wood tank and steam pump, and reset same and furnished necessary fittings therefor, and that plaintiff removed four ash-pit doors to the east side of defendant's Heine boiler, at the time in defendant's building, and reconstructed defendant's return pipes for said Heine boiler, then the jury

will find for the plaintiff upon the cause of action, and will assess plaintiff's damages at the reasonable value of said material and labor.''

It will have to be conceded that the plaintiff introduced no substantial evidence that the boiler furnished by him was made of Park Bros.' best flanged steel. The only testimony bearing on the subject was that of the plaintiff's foreman.   This witness did not say that the boiler was made of Park Bros.' best flanged steel, but he said that his impression was to that effect.   The impressions of witnesses cannot be received and treated as evidence.   Knowledge of a fact by a witness is the only competent evidence.   It must also be conceded that the instruction given by the court, and of which the defendant complains, assumes that the plaintiff did introduce some substantial evidence tending to prove that the boiler furnished was made of the best flanged steel, and that the steel was manufactured by Park Bros.   This instruction is erroneous, in so far as it assumed that there was evidence tending to prove that the steel, out of which the boiler was constructed, *was* made by Park Bros.   The error in this instruction calls for a reversal of the judgment, unless it appears that the error complained of was not prejudicial to the defendant's case.   R. S. 1879, sec. 3775.

The plaintiff's proof is clear, and in fact is undisputed, that the boiler furnished by it was constructed of the best flanged steel, and that the steel was specially made for high-grade boiler work.   It also appeared by the evidence that the same kind of steel is manufactured by several firms in the United States, and that this grade of steel was substantially of the same quality and value. If the boiler that the plaintiff did furnish was equal in value to one manufactured of Park Bros.' best flanged steel, and was equally suitable for the purpose for which it was used, we are unable to see how the error in the instruction materially affected the defendant's

case.  We will have to rule this assignment against the defendant.

And lastly the defendant assigns for error the refusal of the court to give the following instruction :

" The court instructs the jury that if they believe from the evidence that Robert and William Mitchell are, and, at the time the contract read in evidence in this case was made, were, the owners of the building on Third street, where this boiler was put in and this work done, and that the defendant notified or informed plaintiff or its agents of that fact before the work was done, or if the plaintiff or its agents or attorneys knew, at the time the work was done, that the defendant was only the agent of Robert and William Mitchell, then their verdict must be for the defendant in this case."

The defense sought to be interposed by this instruction is inconsistent with the defendant's answer.  The defendant in his answer said :  " Plaintiff agreed with defendant to furnish and erect in *defendant's building* one steel boiler," etc.  The defendant after alleging breaches of the contract concluded as follows :  " That, in consequence of such breach of contract, defendant has been injured and damaged in the sum of five hundred dollars, which, with interest and costs, defendant asks judgment against the plaintiff."  The instruction is objectionable in other respects, which it will not be necessary to discuss.  We think the court did right in refusing the instruction.

Finding no error in the record, the judgment of the circuit court will be affirmed.  All the judges concurring, it is so ordered.