JOSEPH SCHNEIDER, Respondent, v. CHARLES T. JOHNSON, Appellant.

Springfield Court of Appeals, May 6, 1912. Motion for Rehearing Denied June 3, 1912.

1. CORPORATIONS: Unpaid Stock Subscriptions: Stockholder's Liability to Creditor: Pleading: Sufficiency of Petition. In an action against a stockholder by a creditor of a corporation to recover from the stockholder his unpaid subscription to the capital stock to satisfy certain debts owed by the corporation to the plaintiff, the various counts in the petition are examined and *held* sufficient to state a cause of action after verdict.

2. PRACTICE: Pleading: Sufficiency of Petition: Objection to Evidence. While the defendant had the right to object to the introduction of testimony on the ground that the petition does not state facts sufficient to constitute a cause of action this practice is one which is to be discouraged and if the petition is sufficient to sustain a judgment the objection should be overruled.

3. PLEADING: Sufficiency of Petition: When to Object. Where a petition is fatally defective the objection thereto may be made for the first time after judgment or even in the appellate court.

4. CORPORATIONS: Unpaid Stock Subscription: Stockholder's Liability to Creditor: Judgment Creditor. In an action by a creditor of a corporation against a stockholder to satisfy the debts owed by the corporation from the amount due the corporation by the stockholder for unpaid stock subscription, it is not necessary that the creditor should be a judgment creditor of the corporation.

5. PLEADING: Exhibits. Exhibits are not a part of the petition and cannot be considered in passing on the sufficiency of the petition.

6. **CORPORATION DISSOLUTION: Unpaid Stock Subscription: Stockholder's Liability to Creditor.** A creditor of an insolvent corporation, seeking to satisfy his claims out of an amount due from a stockholder on unpaid subscription to stock, does not have to wait until the corporation's charter has expired or until the corporation has been judicially dissolved, but as to him the corporation will be deemed dissolved when it has ceased to be a going concern and has disposed of its tangible assets and there is no probability of it again carrying on the business for which it was organized.

7. ————: ————: ————: ————: **Pleading: Harmless Error.** In an action by a creditor of a corporation against a stockholder to satisfy the corporate debts out of the amount due from the stockholder on account of unpaid subscription to corporate stock, the petition did not allege in definite and certain terms that the appellant was a stockholder at the time of the dissolution, but contained the allegation that the defendant was a stockholder and asked judgment against him on the ground that he was a former stockholder. The trial court's attention was not called to the indefiniteness of this allegation. *Held*, that the defect did not justify reversing the judgment.

8. **APPEAL AND ERROR: Objection to Evidence.** Where the introduction of testimony is objected to on certain grounds, additional objections will not be considered when made for the first time in the appellate court.

9. **ACTIONS ON ACCOUNT: Failure to File Account: Introducing Evidence: Failure to Object.** While section 1832, Revised Statutes 1909, provides that if the items of an account be not set forth in or attached to the petition plaintiff shall be precluded from giving evidence thereof; yet unless the defendant objects to the introduction of testimony or asks to have the account filed, he waives his right to afterwards complain.

10. **CORPORATIONS: Unpaid Stock Subscription: Sufficiency of Evidence.** In an action against a stockholder by a creditor of a corporation to recover and have applied on his debts the amount due the stockholder for unpaid subscription to the capital stock of the corporation, the evidence is examined and *held* sufficient to show that the defendant was indebted to the corporation for unpaid subscription to stock held by him.

11. **JUDGMENT: Sale Under Execution: Judgment Not Satisfied: Corporations.** Where the plaintiff obtained a judgment against a corporation and caused an execution to be levied on its property and at the sale thereunder bid a sum sufficient to pay his judgment and costs, but the property at the time of the sale was covered by a mortgage owned by a stockholder, who at the time was indebted to the corporation for unpaid sub-

Schneider v. Johnson.

scription to stock and who subsequently took the property under the mortgage, and plaintiff realized nothing on his judgment, *held*, in an action by plaintiff against the stockholder to recover the amount of the indebtedness evidenced by the judgment, that the sale under the execution did not satisfy the judgment against the corporation.

Appeal from Jasper Circuit Court.—*Hon. Joseph D. Perkins*, Judge.

AFFIRMED.

*McIndoe & Thurman* for appellant.

(1) All of the counts fail to state a cause of action upon an account of an indebtedness. This question was raised by timely objections to the introduction of evidence and also on motion in arrest of judgment. Such objection under section 1804, Revised Statutes 1909, is never waived. Paddock v. Soure, 102 Mo. 226; Hobber v. Coburn, 193 Mo. 547; Hubbert v. Slavens, 218 Mo. 598; Slavens v. Transit Co., 102 Mo. App. 644; Jackson v. Mfg. Co., 106 Mo. App. 441; Ball v. Neosho, 109 Mo. 683. (2) Section 3006, when it refers to the dissolution of a corporation refers to the statutory dissolution and provides for an action against a stockholder at the time of such dissolution. As long as a corporation has officers and directors within the period of its charter, it is not dissolved, even though insolvent; nor will a failure to elect directors or officers or to do business bring about such dissolution. Youree v. Ins. Co., 180 Mo. 165; Bank v. Roubidoux, 57 Mo. 451; Hotel Co. v. Sauer, 65 Mo. 279; Richards v. Mfg. Co., 221 Mo. 149; Bank v. Rockefeller, 195 Mo. 42; Kayser v. Freeman, 16 Mo. 88; Hayner v. Motor Co., 135 S. W. (Mo. App.) 1060; Banking Co. v. Daymon, 195 Mo. 266; McKee v. Rudd, 222 Mo. 344; Bank v. Allen, 195 Mo. 262. (3) The court erred in refusing to strike out the testimony of these witnesses, because the accounts were not filed

164 App.—41

and the defendant was not bound by such testimony. R. S. 1909, sec. 1832. (4) There is not a particle of testimony in the record to show the value of the leases. The proper rule is stated in Van Cleave v. Berkeley, 143 Mo. 136. There is no evidence whatever and the court did not take the value into consideration and the judgment of the court was based upon the wrong theory. R. S. 1909, sec. 2981.

*Merritt & Spiva* for respondent.

(1) It is not necessary to allege that a judgment had been taken against the corporation. Section 3006, Revised Statutes 1909, does not require judgment to be first taken against a corporation, but provides that if ''any company formed under this chapter dissolve leaving debts unpaid, suits may be brought against any person or persons who were stockholders, etc.'' (2) Appellant in his brief asserts that the dissolution referred to in section 3006 means a statutory dissolution, but the courts in construing this statute disagree with appellant and hold that the dissolution of a corporation will be presumed in favor of creditors when it is shown that it has practically surrendered its corporate rights, has ceased to do business and has transferred all its assets. Bank v. Gallaher, 43 Mo. App. 483; Bank v. Bank, 107 Mo. 133; Bank v. Kellogg, 52 Mo. 583; Moore v. Whitcomb, 48 Mo. 543; State ex rel. v. Societe, 9 Mo. App. 114; Elliott v. Sullivan, 156 Mo. App. 509.

GRAY, J.—In 1909 The Wautauga Mining Company and The Red Fox Mining Company were organized under the laws of this state relating to business corporations. The Wautauga Company had a capital stock of $80,000, divided into 800 shares, and the Red Fox $50,000, divided into 500 shares. The articles of association of each company recited that the stock

was paid in full. The appellant subscribed for one share of the Wautauga stock, and paid for same. He subscribed for 200 shares of the Red Fox stock, and paid thereon $3000. Both companies maintained offices in Joplin, and engaged in mining in Jasper county, but proved to be financial failures, and ceased to transact business about a year before this suit was commenced. Their properties were covered by mortgages, and according to the testimony, they had no intention to, and were absolutely unable, to resume business.

The Wautauga Company at the time it ceased business, owed debts to numerous creditors of whom it had purchased supplies and machinery to enable it to carry on its mining operations, and this plaintiff was one of such creditors, and the accounts of fifteen other creditors were assigned to him for collection, and this suit was instituted on these accounts and against the defendant for his unpaid subscription to the capital stock.

The Red Fox Company at the time it ceased to do business, was indebted to the plaintiff for machinery and supplies furnished, and was also indebted to eleven other creditors, who assigned their accounts to plaintiff, and a suit was instituted by plaintiff against the appellant on all of said demands, and seeking to recover on the theory that appellant had not paid for his stock and was indebted to the company therefor at the time it ceased to do business, and at the time the suit was instituted. The two suits were consolidated by agreement, and tried as one, and the plaintiff recovered a judgment on each count of the two petitions, and defendant appealed to this court.

It is claimed the petition fails to state a cause of action. As each count is practically the same, it will only be necessary to consider one.

The second count charges: "That the Wautauga Mining Company was a corporation doing busi-

ness in Joplin, Missouri, in 1909, but on or about the first day of March, 1910, said corporation was dissolved by abandonment of its business and property, all its property being consumed by liens and mortgages, and it has now no assets or property, and the said corporation left among other debts unpaid an indebtedness due to the Home Powder Company, a corporation, in the sum of twenty-seven dollars for powder and blasting material, and the same remains due and unpaid. The said Home Powder Company has this day assigned its said account to this plaintiff for the purpose of collection, and the same is herewith filed marked 'Exhibit B.' Plaintiff states that the defendant was the owner and holder of the stock of the said Wautauga Mining Company, of the par value of $11,100 and took said stock knowing the same had not been paid up, and there is now due and unpaid on the said stock so held by the defendant the sum of $6,500. Wherefore, plaintiff sues the said defendant as a former stockholder in said Wautauga Mining Company for the sum of twenty-seven dollars and for costs of suit.''

The counts in the Red Fox transaction were practically the same, except they alleged that the appellant was one of the original subscribers to the capital stock of the company, and had not paid therefor. No demurrer was filed to the petition and appellant answered, and not until trial was commenced, and then only by oral objection to the introduction of testimony, was any complaint leveled against the petition.

While the defendant has the right to object to the introduction of testimony on the ground that the petition does not state facts sufficient to constitute a cause of action, this practice is one which is to be discouraged, and if the petition is sufficient to sustain a judgment, the objection should be overruled. [Mfg. Co. v. Montgomery, 144 Mo. App. 494, 129 S. W. 460;

Johnson & Co. v. Ice & Refrigerating Co., 143 Mo. App. 441, 127 S. W. 692.] Of course if the petition is fatally defective, then the objection may be made for the first time after judgment, or even in the appellate court. [Simpson v. Witte Iron Works Co., 144 S. W. 895.]

It is first claimed that the petitions are fatally defective because they do not allege that any judgment had been rendered against the corporation. It is not necessary that the creditor should be a judgment creditor. [State Savings Assn. v. Kellogg, 63 Mo. 540; Bittner v. Lee, 25 Mo. App. 559.]

The next objection is that the accounts sued on were not filed. Exhibits are not a part of the petition, and cannot be considered in passing on the sufficiency of the petition. [Paper Co. v. Publishing Co., 156 Mo. App. 187, 136 S. W. 736; Merrill v. Central Trust Co., 46 Mo. App. 237; Lime & Cement Co. v. Wind, 86 Mo. App. 163.]

The petitions are further objected to on the ground that they do not show that the corporations were dissolved in the manner provided by section 3006, Revised Statutes 1909. Under the settled law of this state, the creditor of an insolvent corporation does not have to wait until the corporation's charter has expired, or until the corporation has been judicially dissolved, but as to him the corporation will be deemed dissolved when it has ceased to be a going concern, and has disposed of its tangible assets and there is no probability of its again attempting to carry on the business for which it was organized. [Farmers Bank v. Gallagher, 43 Mo. App. 483; Bank v. Kellogg, 52 Mo. 583; Moore v. Whitcomb, 48 Mo. 543; Elliott v. Sullivan, 156 Mo. App. 496, 137 S. W. 287; Brookline Canning & Packing Co. v. Evans, 163 Mo. App. 564, decided by this court April 1, 1912.]

The last objection to the petitions is that that it is not alleged that defendant was a stockholder at the

time of such dissolution. It is true the petitions do not allege that the appellant was a stockholder at the time of the dissolution, but it is alleged that he was a stockholder and then asked judgment against him on the ground that he was a former stockholder.

It seems to us that in as much as no demurrer was filed to the petitions, or no motion to make them more definite and certain, and that in the objection to the introduction of testimony the trial court's attention was not called to the indefiniteness of this allegation, we would not be justified in reversing the judgment on account of this defect.

The correctness of the accounts and the assignments thereof were testified to by the former secretary of the corporation, and also by an attorney who had them for collection. Appellant claims the court erred in admitting the testimony, because the accounts were not on file. While appellant's counsel objected to the testimony of the witnesses on certain specific grounds, the one now urged was not included. The petitions allege that the accounts were filed and marked as exhibits in the case, but whether they were or not, the record does not disclose. While our statute provides (Sec. 1832) if the items of an account be not set forth in, or attached to the petition, plaintiff shall be precluded from giving evidence thereof, yet unless the defendant objects to the introduction of testimony, or asks to have the account filed, he waives his right to afterward complain. [Mayer v. McCabe, 73 Mo. 236.]

In behalf of the plaintiff, the court instructed that a dissolution of a corporation will be presumed in favor of its creditors when it has shown that it has practically surrendered its corporate rights, has ceased to do business, and has transferred all its assets, and if the court sitting as a jury, found from the evidence that the corporation had, before the commencement of the suit, ceased to do business, and all

its assets had passed out of its hands, and that the defendant was the owner of stock in the corporation, and the stock was not paid up, and that the corporation owed the debts sued for, and that they had been assigned to plaintiff for collection, the judgment should be for the plaintiff in such sum as from the evidence the court should find to be due from the defendant on his stock, now exceeding the sum sued for and the costs of suit.

The action of the court in giving such instruction is assigned as error, and the first objection is that the dissolution that authorizes a suit by the creditor is one contemplated by the statute. This point, we have already passed on, and adversely to the appellant's contention.

It is said the instruction is erroneous because it takes no account of the difference between the value of the property put into the corporation, and the stock subscribed. In Van Cleve v. Berkey, 143 Mo. l. c. 136, 44 S. W. 743, it is declared that where property was taken in payment of the capital stock of a corporation, and it is shown that it was of less value than the par value of the stock, the subscriber is chargeable only for the difference. Under the evidence, however, this question is not material in this case. It stands admitted that in the Red Fox transaction, the appellant subscribed for $20,000 par value, and only paid $3000. By his own testimony he was indebted to the corporation, from the time it was organized until this suit was tried, in a sum largely in excess of the amount sued for in this case.

When the Wautauga Company was organized, one L. M. Gardner subscribed for 794 shares of the par value of $79,400. At the same time the appellant and others entered into a contract with Gardner, in which the value of a certain mining lease held by Gardner was fixed at $15,000, and it was to be turned into the corporation at that price, and was all that was paid

in on the 794 shares subscribed for by Gardner. This contract provided for a transfer and sale of all Gardner's stock to the appellant and others on this basis, and fully established the fact that the appellant and his associates contracted for the Gardner stock, knowing that the same had not been paid for. And at the trial the deposition of the appellant was read, in which he stated that he acquired seventy-five or eighty shares of the stock, and had the same in his safe at the time his deposition was taken. Appellant offered the stock book of the corporation showing that there were issued to appellant eighty-one shares of the stock. In the case of this plaintiff against the appellant, reported in 161 Mo. App. 375, 143 S. W. 78, we discussed this whole transaction, and there held that the appellant was indebted to the corporation for stock in a sum in excess of the amount sued for by plaintiff in this action, and therefore, we will not again go into the details but reaffirm the conclusions in that case.

The appellant's instructions were demurrers to the evidence and from what we have said, were properly refused.

The plaintiff obtained a judgment on his account against the Wautauga Company, and caused an execution to be levied on its property, and at the sale thereunder bid a sum sufficient to pay his judgment and costs, and, it is claimed, that on account thereof, he is not entitled to a judgment against the appellant. The evidence discloses that at the time of the sale, the property was covered by a mortgage owned by the appellant, and was subsequently taken thereunder so that plaintiff realized nothing on his judgment. Under the authority of Young v. Schofield, 132 Mo. 650, 34 S. W. 497, the appellant's judgment was not paid.

The plaintiff's case is a meritorious one. He and his assignors sold and delivered goods and supplies to the corporations, and the appellant was indebted

to the corporations in a sum largely in excess of the amount of the claims represented in this action, and there is no valid reason why he should not pay to their creditors the amount he owes on his stock subscriptions, and an examination of the record convinces us that no prejudicial error was committed against him, and therefore, the judgment will be affirmed. All concur.