PRECISION METAL WORKERS, a Corporation, Respondent, v. NORTHSIDE MERCANTILE COMPANY, a Corporation, and ISADORE NEEDLE, trading as NORTHSIDE MERCANTILE COMPANY, Appellants.*

St. Louis Court of Appeals. Opinion Filed February 2, 1926.

1. **JUDGMENTS: Motion After Term To Vacate: Writs of Error Coram Nobis: Independent Proceedings: Appeals.** A motion to vacate a judgment filed after the term at which the judgment was rendered, whether for irregularities on the face of the record or for matters *dehors* the record, is in the nature of an independent proceeding, and the order made by the court upon such a motion is an order from which an appeal or writ of error lies, and this also applies to motions filed under Section 1552, Revised Statutes 1919, and to motions which are in the nature of writs of error *coram nobis*.

2. **PLEADING: Actions on Account: Statute: Bill of Items: Waiver.** In an action on an account where the original petition as well as the amended petition filed by plaintiff shows that the items of the

account sued on were not specifically alleged therein, but that each contained a statement that such items appeared upon an annexed statement of account "herewith filed and marked 'Plaintiff's Exhibit A,'" yet such exhibit was not in point of fact filed either with the original petition or the amended petition, but was filed after default had been taken against defendants on the day of trial, and each of said petitions contains a statement of the account sued on with sufficient definiteness to preclude a subsequent action thereon, defendants in default *held* to have waived their right to object under section 1258, Revised Statutes 1919, providing that if the items of an account be not set forth in or attached to the petition, plaintiff shall be precluded from giving evidence thereof, where the defendants did not object to the introduction of testimony or ask to have the account filed.

3. ———: **Petition: Failure to Specify Term of Court to Which Suit is Brought: Cured by Judgment.** In an action on an account for goods sold and delivered where the petition failed to specify the term of court to which the suit was brought, *held*, in view of section 1550, Revised Statutes 1919, such omission was cured by judgment.

---

*Corpus Juris-Cyc. References; Appeal and Error, 3CJ, p. 526, n. 29. Pleading, 31 Cyc., pp. 735, n. 85; 778, n. 90 New.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Franklin Miller*, Judge.

AFFIRMED.

*Max Sigoloff* for appellants.

(1) The court acquired no jurisdiction. Both the original and amended petitions are fatally defective, because: (a) Said petitions fail to specify the term to which the suits were brought. Sec. 1220, R. S. 1919. (b) Neither the original nor amended petition contain an itemized statement of the account upon which the suit is based, nor are statements attached thereto, and therefore constitute no cause of action. Sec. 1225, R. S. 1919; Chillicothe Savings Ass'n v. Morris, 52 Mo. App. 612; Coombs v. Commission Co., 130 Mo. 669. (2) The court erred in failing and refusing to sustain defendants' mo-

tion to set aside and vacate the default judgment, for the reason that said judgment was erroneous and not in accordance with the established rule of procedure in this state and of the court. Secs. 1258, 1285, R. S. 1919; Rule 21, Rules of Practice of the Circuit Court of the City of St. Louis, Mo.; Berglar v. University City, 190 S. W. 620. (3) The judgment was erroneous and void and subject to attack at a subsequent term. Holdman v. Renaud, 141 Mo. App. 399, and cases cited at page 405. (4) The payment by the defendants of the judgment, after execution and levy, was involuntary, and therefore the court had authority to set aside and vacate the judgment to enable defendants to recover the amount paid on an erroneous judgment. Ritchie v. Carter, 89 Mo. App. 291.

*Wilson & Trueblood* for respondent.

(1) Any irregularity in failing to state the term was cured by judgment. Sec. 1550, R. S. 1919. (2) Failure to attach a bill of items to a petition could be taken advantage of by the defendants only by a timely motion to make more definite, or a timely objection to the introduction of testimony. Barton v. Gibson, 161 S. W. 357, 178 Mo. App. 699; Dawson v. McQuillan, 61 Mo. App. 672. (3) The amendment made was regular and proper. Boisse v. Langham, 1 Mo. 572; Sec. 1274, R. S. 1919. (4) With or without the amendment the petition stated a cause of action, and any irregularity was cured by judgment. Sec. 1550, R. S. 1919. (5) The sufficiency of the petition cannot be attacked in a motion under sec. 1552, R. S. 1919. State v. Tate, 109 Mo. 265, 18 S. W. 1088.

BECKER, J.—Defendants below filed a motion in the circuit court to vacate and set aside a judgment rendered against them at a prior term, basing their motion upon section 1552, Revised Statutes of Missouri, 1919.

From an adverse ruling on their motion defendants have prosecuted this appeal.

It appears that the plaintiff below originally filed suit against the defendant, Northside Mercantile Company, a corporation, for goods, wares and merchandise sold and delivered to defendant, "the items of which, the dates when delivered and the amounts charged therefor," according to the petition, "appear upon the annexed statement of account herewith filed and marked 'plaintiff's exhibit A.'"

It is conceded that said "Exhibit A" referred to in the petition was not filed with the petition. Service was duly had upon the defendant and a default judgment entered during the month of June, 1923. Subsequently however, during the month of August, during the same term of court, upon plaintiff's motion, the default judgment was set aside and an amended petition filed by leave, in which the defendant "Isadore Needle, trading as the Northside Mercantile Company" was made an additional defendant. In due course service was had upon this additional defendant and at the October Term, 1923, both defendants remaining in default, default and inquiry was granted plaintiff as against each of them. Thereafter on November 23, 1923, plaintiff for the first time filed its "Exhibit A" in which the items of the account sued on, the dates when delivered and the amounts charged therefor appear in detail; and evidence was then adduced and final judgment rendered against both defendants in the sum of $732.34.

After the term at which the judgment had been rendered had elapsed, execution was issued and the sheriff seized and levied upon the place of business of the defendant, Isadore Needle, trading as the Northside Mercantile Company. The defendant Needle thereupon filed his motion to set aside and vacate said judgment; but while said· motion was pending said defendant, in order to release said levy and seizure of his stock of goods, under protest paid the sheriff the amount of the execution.

The defendants' motion to set aside and vacate the judgment in question assigns as ground therefor: (A) that plaintiff's petition and amended petition each failed to specify the term of the court to which the suit was brought; (B) that neither the original nor amended petition did in fact contain an itemized statement of the account sued upon, nor was any statement attached thereto, and therefore neither stated a cause of action.

Our Supreme Court has repeatedly held that a motion to vacate a judgment filed after the term at which the judgment was rendered, whether for irregularities on the face of the record or for matters *de hors* the record, is in the nature of an independent proceeding, and that the order made by the court upon such a motion is an order from which an appeal or writ of error lies. This ruling also applies to motions filed under section 1552 and to motions which are in the nature of writs of error *coram nobis*. [Audsley v. Hale, 303 Mo. 451, l. c. 463, 261 S. W. 117; State ex rel. Potter v. Riley, 219 Mo. 667, l. c. 695, 118 S. W. 647; Scott v. Rees, — Mo. —, 253 S. W. 998; Schuck v. Lawton, 249 Mo. 168, 155 S. W. 20. See, also, Osage Inv. Co. v. Sigrist, — Mo. —, 250 S. W. 39; Bussiere's Adm'r. v. Sayman, 257 Mo. 303, 165 S. W. 796.]

Section 1258, Revised Statutes of Missouri, 1919, provides that: "it shall not be necessary for a party to set forth in a pleading the items of an account therein alleged, but if they be not set forth, he shall attach to his pleading, referring to it therein, a copy of the account which shall be a part of the record, but if they be not set forth or attached to said pleading, he shall be precluded from giving evidence thereof."

A reading of the original petition as well as the amended petition filed by plaintiff herein shows that the items of the account sued on were not specifically alleged therein but that each contained a statement that such items appeared upon an annexed statement of account "herewith filed and marked 'plaintiff's exhibit A,' " yet that such "exhibit A" was not in point of fact filed eith-

er with the original petition or the amended petition but was filed after default had been taken against defendants and upon the day of trial. However each of said petitions contains a statement of the account sued upon, with sufficient definiteness to preclude a subsequent action thereon. In this situation it has been held that an objection to the introduction of evidence in support of such an account will not lie. [See Nelson Mfg. Co. v. Mitchell, 38 Mo. App. 321; Schneider v. Johnson, 164 Mo. App. 639, 147 S. W. 538.] But beyond this it has been directly held that though section 1258 provides that if the items of an account be not set forth in or attached to the petition, plaintiff shall be precluded from giving evidence thereof, yet unless the defendants object to the introduction of testimony or asks to have the account filed, he waives his right to object. [Meyer v. McCabe, 73 Mo. 236; Schneider v. Johnson, supra.] It has also been held that where a motion made by the defendants in a justice court to dismiss the cause for the reason that no bill of items was filed as required by law, was not renewed or made in the circuit court where the trial is *de novo* and the defendants having gone to trial in that court on the merits, will not be heard to raise the objections on appeal. [See Mayer v. McCabe, supra; Mayer v. Chambers, 68 Mo. 626.] And in the more recent case of Barton Lbr. Co. v. Gibson, 178 Mo. App. 699, 161 S. W. 357, this court ruled that a defendant may waive his right to insist upon the filing of an account even in a suit begun in the circuit court.

It follows that the point in question is without merit and we rule it against appellant.

The only other point raised: namely, that plaintiff's petition failed to specify the term of court to which the suit was brought must be ruled to have been cured by judgment. [Section 1550, Revised Statutes of Missouri, 1919; State ex rel. Ozark County v. Tate, 109 Mo. 265, 18 S. W. 1088.]

It follows that the judgment of the trial court below is for the right party. It is accordingly affirmed. *Daues, P. J.*, and *Nipper, J.*, concur.