H. D. MAYO, Plaintiff-Appellant,

v.

Oran LASATER et al., Defendants,

Robert Butler, Defendant-Respondent.

No. 7650.

Springfield Court of Appeals.

Missouri.

April 15, 1958.

Richard D. Moore, Hogan & Hogan, West Plains, for appellant.

Green & Green, Will H. D. Green, H. D. Green, West Plains, for respondent.

McDOWELL, Judge.

This appeal is from a judgment of the Circuit Court of Howell County, Missouri, sustaining respondent's motion to set aside a default judgment in favor of appellant in an action for conversion.

December 23, 1954, plaintiff-appellant filed an action in conversion naming Oran Lasater, Robert Butler, Carl Ribsel and Charlie Collins defendants. It alleged appellant was the owner of and entitled to possession of a gasoline power unit of the value of $650; that he loaned said unit to defendant Lasater with the understanding that Lasater would return same to him on request; that defendant Lasater was indebted to defendants Rober Butler and Carl Ribsel; that at the instance and encouragement of defendants Butler and Ribsel, and without appellant's knowledge or consent, Lasater sold the power unit to defendant Collins, who gave the proceeds to Butler and Ribsel to apply on his debt. It alleged that demand was made of defendant for the return of said unit, which demand was refused.

December 28, 1954, summons was issued and served on each of the defendants. January 17, 1955, plaintiff was granted ten days in which to file an amended petition and the defendants granted twenty days thereafter to file answer. On April 18, 1955, the court continued the cause until June 28, 1955, because of illness of defendant Lasater.

The cause was tried June 28, 1955, by the court (jury having been waived). The defendants failed to file answer and none of them, including respondent, appeared in the trial either in person or by attorney.

To sustain his cause of action appellant offered testimony to the effect that in 1953, he loaned defendant Lasater a power unit; that Lasater sold the unit to defendant Collins and applied the proceeds to the payment of a note which (he) Lasater owed defendants Butler and Ribsel; that demand was made on all of the defendants for the return or possession of said power unit, which was refused. Appellant testified that the unit was a Walker-Shaw Power Unit used to pull a sawmill and was of the reasonable value of $650. He made this statement: "Well, Oran Lasater sold the motor to Charlie Collins and Butler found it out and went and had Oran apply that on his note." He testified "Before Butler and Ribsel took the motor from Charlie Collins they would pass it on between each other". He said Collins was supposed to saw some lumber for him but Butler and Ribsel closed him out.

On June 28, 1955, the court rendered judgment in favor of plaintiff-appellant and against defendants, including respondent, for $650. The court found that respondent had been personally served more than thirty days prior to the entry of judgment and failed to appear and file answer or pleading and was in default.

July 8, 1955, respondent filed a motion denominated "Motion To Set Aside Judgment", which is as follows:

"Now comes Bob Butler and informs the Court that he is one of the defendants in the above entitled cause and that a judgment was rendered in this case on the 28th day of June, 1955, against all of the above captioned defendants, including this defendant, Bob Butler.

"Defendant states that he is not indebted to H. D. Mayo in any sum; that after this action was filed and within the time permitted for filing answer this defendant had an understanding with plaintiff that such action would be dismissed as to this defendant. Defendant states that relying on this understanding he did not file an answer in the case and did not contest same.

"This defendant states that he had no knowledge that trial was to be had on June 28, or that this defendant's name remained as a defendant in such petition until after such judgment was rendered.

"Wherefore, defendant prays the Court that such judgment be set aside as to him and that defendant be entitled to answer and interpose the meritorious defense he has to such action and for such other relief as to the Court may seem meet and proper."

A hearing on the motion was continued until October 1, 1956, at which time it was taken up. To support the motion respondent offered evidence which, in substance, shows that he is a resident of West Plains and engaged in the mercantile business. On December 23, 1954, he was served by summons in a suit brought by appellant against him for conversion; that prior to the date of judgment, to wit, June 28, 1955, he had a conversation with appellant in which appellant stated he would dismiss the case as to him. He stated appellant came to his store on Saturday night and said, "* * * asked if we were satisfied now, our name was taken off the Court docket". He testified that appellant was working for him at the time he was served with summons in the conversion action.

Respondent's wife and son testified they heard the conversations between appellant and respondent and appellant agreed to dismiss the action as to respondent. The son testified that appellant said "we got your name off it".

Respondent testified he first learned of the judgment after it was entered; that someone told him about the matter and he then employed a lawyer. .

Appellant denied that he told respondent he would dismiss the action as to him but stated he told him he would see about the matter.

Appellant's attorney testified that respondent came to his office on two different occasions and asked him to dismiss the action as to him and that he informed respondent he had no such authority; that respondent would have to bring appellant to his office in order to get the cause dismissed.

The trial court heard the evidence on the motion to dismiss, took the matter under advisement, and, on January 21, 1957, entered the following judgment: "Judgment set aside and cause to be tried De-Novo".

■ The court was not requested to make a statement of the grounds for his decision, therefore, all fact issues upon which no specific findings are made shall be deemed found in accordance with the results reached. § 510.310 RSMo 1949, V.A.M.S.; Townsend v. Lawrence, Mo. App., 267 S.W.2d 489.

■ It is respondent's contention that his motion is one to vacate and is a direct attack upon the judgment; that it is an independent proceeding instituted by motion instead of a petition; that such motion takes the place of a petition and becomes a pleading from which the issues are gauged.

To support this contention respondent cites Precision Metal Workers v. North-side Mercantile Co., 218 Mo.App. 544, 280 S.W. 82. The court made this statement:

"Our Supreme Court has repeatedly held that a motion to vacate a judgment filed after the term at which the judgment was rendered, whether for irregularities on the face of the record or for matters dehors the record, is in the nature of an independent proceeding, and that the order made by the court upon such a motion is an order from which an appeal or writ of error lies. This ruling also applies to motions filed under section 1552 and to motions which are in the nature of writs of error coram nobis." (See authorities cited.)

This court held in In re Jackson's Will, Mo.App., 291 S.W.2d 214, 220, as follows: "* * * And it is true that rulings on motions to vacate for irregularity, both patent on the face of the record and in the nature of coram nobis, have sometimes been designated ' "special order after final judgment" '; yet a motion to vacate makes a direct attack upon the judgment and is an independent proceeding, instituted by motion instead of a petition. Such motion takes the place of a petition and becomes a pleading from which the issues are gauged. Thus the proceeding assumes the dignity of a separate lawsuit, and denial of the motion constitutes a final judgment in itself."

We adopt respondent's theory in dealing with his motion to set aside the judgment herein involved.

■ It is appellant's contention that respondent's motion to set aside the judgment is insufficient to justify any relief and that the trial court acted beyond the scope of the pleadings and evidence.

It was held in Whitledge v. Anderson Air Activities, Mo.Sup., 276 S.W.2d 114, 116(3) that:

"The action of a trial court in sustaining or overruling a motion to set aside a default judgment is generally within the trial court's sound judicial discretion. The discretion to be exercised is not a capricious

or arbitrary one, but is to be guided and controlled in its exercise by fixed legal principles. It has been generally held that, in order to justify a trial court in setting aside a default judgment, a defendant must have shown that he has a meritorious defense, and that he has good reason or excuse for the default; and, when a trial court has overruled a motion to set aside a default judgment and the trial court's action is reviewed, the trial court's action will not be disturbed unless the elements of reasonable excuse and meritorious defense are so clearly apparent that it is manifest the refusal to set aside was arbitrary. The possible injustice to plaintiff because of delay is to be also considered. Yet, it has been said that an appellate court is less apt to interfere when a judgment is set aside than when it is not. This is because, when the judgment is set aside, the case is reopened and justice will yet be done by a trial on the merits. The general rule is that, where the application or motion to set aside discloses a meritorious defense, and reasonable diligence or excuse for default is shown, and no substantial injury to plaintiff will result from delay a trial court should exercise its discretion in favor of a trial on the merits. It is also thought there are no certain rules which will fit any and all cases—the facts and circumstances of each case should be taken into account in deciding whether a defaulting defendant has shown the diligence a reasonably prudent person would have exercised in the circumstances." (See authorities cited.)

In Butcher v. White, Mo.App., 267 S.W.2d 701, 703(1, 2) the court stated: "* * * However, the motion to set aside was properly overruled because the defendant, in his petition for review, failed to deny the truth of the allegations of plaintiff's petition, or to state facts therein from which the trial judge might determine that defendant had a good defense to the action on the merits."

In Stieferman v. Stieferman, Mo.App., 219 S.W.2d 864, 866(4), the court stated

the law: "It is also evident that the action of the trial court must be upheld because of the failure of the defendant to show that he had a good defense. The mere averment of his counsel that he has a meritorious defense is not sufficient for that is a matter to be determined by the court upon a showing of facts that constitute the defense claimed. There was no attempt to enlighten the court as to what that defense might be and the motion was properly overruled." (See the many authorities cited.)

■ Respondent's motion is wholly insufficient to state a meritorious defense. The only allegation contained therein is that respondent is not indebted to appellant in any sum. The general rule is that "where the application or motion to set aside discloses a meritorious defense, and reasonable diligence or excuse for default is shown, and no substantial injury to plaintiff will result from delay, a trial court should exercise its discretion in favor of a trial on the merits." This motion wholly fails to set out a meritorious defense. It fails to deny any of the allegations of the petition upon which the judgment against respondent is based or state facts from which the trial judge might determine that respondent had a good defense to the action on the merits. For this reason the judgment of the trial court setting aside the default judgment must be reversed.

We think it is unnecessary to pass on the other issues raised by appellant on this appeal. We agree with his contention that the motion to set aside the judgment is insufficient to justify any relief and that the trial court acted beyond the scope of the pleadings.

Judgment reversed and original judgment for appellant ordered reentered.

RUARK, J., concurs.

STONE, P. J., not sitting.