**N. Murry EDWARDS and Ninian M. Edwards (Plaintiffs), Respondents,**

v.

**Morris D. ROVIN (Defendant), Appellant.**

No. 30142.

St. Louis Court of Appeals.

Missouri.

March 17, 1959.

Motion for Rehearing or to Transfer to Supreme Court Denied April 13, 1959.

Morton L. Schwartz, St. Louis, for appellant.

N. Murry Edwards, Ninian M. Edwards, St. Louis, for respondents.

RUDDY, Judge.

This is an appeal by defendant from a default judgment in the sum of $4104.

The proceedings which form the basis of this appeal commenced with the filing of a petition on February 8, 1956. Plaintiffs, respondents herein, alleged in their petition that they were duly licensed and practicing attorneys and at the special instance and request of defendant, they agreed in March 1945 to represent the defendant in a case in which a judgment had been obtained against the defendant on May 21, 1941, for $17,400 in favor of Oscar Menke and Bessie Menke.

It was further alleged in said petition that defendant employed plaintiffs to represent him in another case involving the same parties named in the first case and that in an intervening petition filed in that cause the Leado Investment Company sought to collect from the defendant herein the principal sum of $2,000 and interest in the sum of $339.49.

Plaintiffs further alleged that they filed many pleadings and motions, participated in the taking of depositions, prepared many briefs and memorandums and appeared in court numerous times and as a result of their services procured withdrawals of applications to revive the judgments against defendant. This took place on or about July 9, 1954, and as a result of the aforesaid services plaintiffs succeeded in saving defendant the sum of $31,583.18.

Plaintiffs further alleged their services were of the reasonable value of $3,750 and that defendant had made two payments totaling $150 leaving a balance due of $3,600, for which sum they prayed judgment.

On March 7, 1956, defendant personally appeared in court and requested and was allowed 30 days additional time to plead to the petition filed by plaintiffs. Thereafter, Irvin A. Friedman entered his appearance as attorney for the defendant and was allowed 30 days additional time to plead to the petition. On May 7, 1956, said attorney filed a "Motion of Defendant for More Definite Statement or for a Bill of Particulars."

Almost two years later, viz., February 5, 1958, Irvin A. Friedman notified defendant in a letter that since satisfactory arrangements had not been made to retain his services, he would apply to the court for leave to withdraw as attorney for defendant. On February 14, 1958, he was permitted by the trial court to withdraw as attorney for defendant.

On February 21, 1958, plaintiffs in the instant case served a notice on defendant that they would call for hearing on February 25, 1958, defendant's motion for more definite statement or for a bill of particulars, and on said date (February 25, 1958) the motion was heard by the court and the following order appears in the record:

"Defendant's Motion for a More Definite Statement, Etc., submitted and overruled. Notice Filed."

Prior to February 25, 1958, plaintiffs' cause of action had been placed on the dismissal docket of the court and following the aforesaid ruling of the court on the motion for more definite statement etc., on oral motion of plaintiffs the cause was removed from the dismissal docket. On March 11, 1958, on oral application of the plaintiffs, an order of default and inquiry was made by the court and the cause was set for hearing on the 21st day of March, 1958.

On the last mentioned date plaintiffs appeared but the defendant did not appear. On this date plaintiff, N. Murry Edwards, testified to the nature and extent of the services rendered to the defendant by the plaintiffs. He told how the plaintiffs were employed by the defendant and related that in one of the actions against the defendant the plaintiffs therein had obtained a judgment against the defendant for $7,500 actual damages and $10,000 punitive damages for the fraudulent sale of a piece of property. This judgment was obtained against defendant on May 21, 1941, prior to plaintiffs' employment and the judgment was affirmed by the Supreme Court of the State of Missouri. N. Murry Edwards further testified that another judgment in favor of the Leado Investment Company for $2,000 principal and $339.49 accumulated interest had been obtained against defendant prior to plaintiffs' employment.

He further testified that the plaintiffs in these actions filed another suit against defendant involving three pieces of real estate wherein the plaintiffs alleged the existence of fraudulent transfers and deeds of trust in connection with said properties. Plaintiffs asked that their judgments be made a lien on these properties and that the properties be sold to effect satisfaction of the judgments. Thereafter, N. Murry Edwards testified to the taking of depositions and other services in connection with the aforesaid judgments and suit.

There was further testimony by this witness concerning services rendered in connection with litigation to revive the judgments. The witness testified that because of these services the efforts to revive the judgments failed and that the equity case also failed because it depended upon the existence of the judgments. As a result of the services of the plaintiffs, the witness testified, defendant was saved the sum of $31,583.18 which represented the accumulated principal and interest due on the two judgments at the conclusion of the services rendered by the plaintiffs to the defendant. N. Murry Edwards further testified that the reasonable value of the services was $3,750 and that plaintiffs have been paid $150, leaving a balance due of $3,600 plus $504 interest which had accumulated from the date of the demand for payment.

At the conclusion of this evidence (March 21, 1958) the court entered a judgment for the plaintiffs in the sum of $4,104 after finding the defendant in default. Following the entry of the aforesaid default judgment defendant through his then attorney Charles M. Shaw, on March 26, 1958, filed a motion to set aside the default judgment. On April 21, 1958, defendant's

motion was overruled by the court. Thereafter, Charles M. Shaw withdrew as attorney for defendant and subsequently Morton L. Schwartz entered his appearance as attorney for defendant. Prior to the entry of Morton L. Schwartz into the case defendant filed the following notice of appeal:

"Notice hereby given that Morris D. Rovin, the defendant, above named, hereby appeals to the St. Louis Court of Appeals from the judgment of the Circuit Court of the City of St. Louis entered in this action on the 21st day of March, 1958."

■ Defendant's original brief filed in this appeal contains thirteen "Points and Authorities" none of which comply with Supreme Court Rule 1.08, 42 V.A.M.S. All of them are mere abstract statements of law followed by citations of authorities. None of the points contain a distinct allegation of error committed by the trial court as required by the Supreme Court Rule. Ambrose v. M. F. A. Co-Operative Ass'n of St. Elizabeth, Mo., 266 S.W.2d 647.

Subsequent to the filing of defendant's original brief he was granted leave by this court to amend his brief by adding an additional page designated "Assignments of Errors Or Points Relied On." In this amendment defendant points to three alleged errors committed by the trial court. Two of the points relied on in the amendment to the original brief and the alleged thirteen points contained in the original brief are directed at the trial court's action in overruling defendant's motion to set aside the default judgment. Defendant did not appeal from the order of the trial court overruling the motion to set aside the default judgment. On the contrary, as will be observed in the Notice of Appeal set out in full herein, the appeal itself was from the default judgment entered on March 21, 1958.

■ It has been held many times that a motion to vacate a default judgment is a direct attack upon the judgment and is in the nature of an independent proceeding, and that the order made by the court upon such a motion is an order from which an appeal lies. Dillbeck v. Johnson, 344 Mo. 845, 129 S.W.2d 885, loc. cit. 886; Audsley v. Hale, 303 Mo. 451, 261 S.W. 117, loc. cit. 121; In re Jackson's Will, Mo.App., 291 S.W.2d 214, loc. cit. 220; Precision Metal Workers v. Northside Mercantile Co., 218 Mo.App. 544, 280 S.W. 82. In the case of Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132, loc. cit. 143, decided by the Supreme Court en banc, when referring to respondent's motion to vacate and set aside a default judgment the court said: "This was a direct and not a collateral attack upon the judgment." At another place in its opinion (245 S.W.2d loc. cit. 135) the court said: "An appeal lies from such an order or judgment." Therefore, the order of the trial court in the case at bar entered April 21, 1958, overruling defendant's motion to set aside the default judgment entered March 21, 1958, was a final appealable order. Defendant did not appeal from this order. In view of defendant's failure to appeal from the order overruling his motion to set aside the default judgment the points made or attempted to be made by the defendant in his brief, with one possible exception, are not reviewable on this appeal. Spitzbarth v. Spitzbarth, Mo.App., 260 S.W. 785. Despite what we have said, we did examine defendant's motion to vacate the default judgment and find that it shows some inadequacies. It is necessary for defendant in his motion to set aside the default judgment to allege facts that show he has good reason or excuse for the default. Whitledge v. Anderson Air Activities, Mo., 276 S.W.2d 114; Levee District No. 4 of Dunklin County v. Small, Mo.App., 281 S.W.2d 614, and the burden of showing a reasonable excuse for his failure to appear is on the defendant. Curry v. Curry, Mo.App., 149 S.W.2d 446.

■ Defendant in his motion to set aside the default judgment alleged that the at-

torney he had employed misunderstood his instructions "pertaining to the representation in this matter and therefore failed to appear in Court at the proper time of the hearing of this matter." Defendant is chargeable with the failure of his lawyer to appear and any negligence of his lawyer in permitting the default judgment to be entered is imputable to the defendant. Casper v. Lee, supra, (245 S.W.2d loc. cit. 142); Levee District No. 4 of Dunklin County v. Small, supra. No other facts were alleged in the motion showing a reasonable excuse for defendant's failure to appear at the hearing when the default judgment was entered.

■■ In addition to the need for alleging facts showing a reasonable excuse for the default in appearance, it is necessary to allege facts that show the defendant has a good and meritorious defense to plaintiffs' cause of action. It is insufficient to plead that defendant has a meritorious defense. The defendant must allege facts that show such a defense. Wenzel v. Wenzel, Mo.App., 283 S.W.2d 882; Stieferman v. Stieferman, Mo.App., 219 S.W.2d 864. The motion merely alleged that defendant "has a good and meritorious defense" to the claim of plaintiffs and that the reasonable value of the services, if rendered, was a sum far less than that claimed. It fails to deny any of the allegations of plaintiffs' petition, other than to dispute the value of the services rendered and it fails to state any facts showing a defense to the action on the merits. Defendant did not deny that the services were rendered and failed to state any facts showing that the value of the services rendered was less than that claimed. Because of the inadequacies we have noted in defendant's motion to set aside the default judgment, it is manifest that the court did not err in overruling said motion. The primary question involved is whether the trial court, in overruling the motion to set aside the default judgment, was acting within its sound judicial discretion. Whitledge v. Anderson Air Activities, supra. We find no arbitrary or

unreasonable abuse of the discretion possessed by the trial court in its ruling.

We said earlier that all the points raised by the defendant, with one exception, pertained to the trial court's action in overruling defendant's motion to set aside the default judgment. The exception referred to is a complaint that there was not sufficient evidence introduced to justify a judgment for $3,600 plus interest of $504. The difficulty confronting defendant in asserting this complaint is that he failed to file a motion for new trial in the trial court. We are clearly admonished by Section 512.-160 RSMo 1949, V.A.M.S. that "no allegations of error shall be considered in any civil appeal except such as have been presented to or expressly decided by the trial court." Any error in regard to the amount of the judgment not raised in a motion for new trial is not preserved for review in this court. Teters v. Kansas City Public Service Company, Mo., 300 S.W.2d 511; Scowden v. Scowden, Mo.App., 298 S.W.2d 484. However, because the judgment was rendered when defendant was not present, we are resorting to the authority given us under Supreme Court Rule 3.27, wherein we are given the power to review errors that may affect substantial rights. This we may do in order to avoid a manifest injustice or miscarriage of justice.

■ We have stated the substance of the testimony given by N. Murry Edwards, one of the plaintiffs, wherein he testified to the extent and nature of the legal services rendered. His testimony tells a story of legal services rendered to the defendant for a period in excess of seven years. The services related include the successful handling of a suit against the defendant to set aside alleged fraudulent transfers of property in which defendant must have had an interest. Plaintiffs' services resulted in freeing defendant from judgments totaling $31,583.18. The evidence shows that defendant was burdened with these judgments at the time defendant engaged the services of plaintiffs. We have carefully examined the record of the testimony made

at the time the case was heard and the default judgment was entered and have come to the conclusion that the court did not err in allowing plaintiffs the sum of $3,750 for the legal services rendered defendant. In so holding we have considered the period of time over which the services were rendered, the nature of the matters in which defendant was involved, and the amount saved the defendant because of the successful handling of defendant's matters by the plaintiffs.

Giving due consideration to these factors and others disclosed by the testimony, we are convinced that justice was not miscarried and no manifest injustice was perpetrated by the trial court when entering the default judgment. The judgment of the trial court is affirmed.

WOLFE, P. J., and JOHN K. REGAN, Special Judge, concur.