**N. Murry EDWARDS and Ninian M. Edwards (Plaintiffs), Respondents,**

v.

**Morris D. ROVIN (Defendant), Appellant.**

No. 30163.

St. Louis Court of Appeals.

Missouri.

March 17, 1959.

Morton L. Schwartz, St. Louis, for appellant.

N. Murry Edwards, Ninian M. Edwards, St. Louis, for respondents.

RUDDY, Judge.

This is an appeal by defendant from an order of the trial court holding that it had no jurisdiction over Defendant's Petition for Review.

The proceedings which form the prelude to the proceedings on which this appeal

is based have been stated in an opinion written and adopted by this court in connection with another appeal involving the same parties. See Edwards v. Rovin, Mo. App., 322 S.W.2d 139. We see no need for restating the pleadings, proceedings and testimony stated in that opinion and in the interest of brevity we are incorporating those matters by reference and they are to be considered a part of this opinion.

■ Subsequent to the trial court's order overruling defendant's motion to set aside the default judgment defendant filed a Petition for Review pursuant to section 511.170 RSMo 1949, V.A.M.S. (All statutory references hereafter are to RSMo 1949, V.A.M.S.) We see no need for stating the allegations of this petition. The important thing in reviewing this petiton is the absence of the needed allegations required by the statute under which defendant seeks relief.

Plaintiffs (respondents) filed a motion to dismiss Defendant's Petition for Review. This motion stated that the petition for review did not allege sufficient facts to grant the relief requested and that the court had no jurisdiction to hear or pass upon the petition for review because the court had lost jurisdiction of the cause.

Plaintiffs further alleged in said motion that the defendant in his petition for review failed to allege that he was not personally served with summons in the cause and failed to allege that he did not appear in the cause, all of which allegations, plaintiffs alleged, were necessary under the provisions of sections 511.170 and 511.200.

In their motion plaintiffs also point out that defendant's petition for review admits that defendant entered a general appearance in the cause. Plaintiffs also alleged that defendant was personally summoned and served. It was further alleged that defendant's petition for review failed to allege that the petition on which plaintiffs' cause of action was based was untrue in any material matter or that the defendant had a good defense, setting forth the facts of such defense.

The motion of the plaintiffs to dismiss defendant's petition for review was heard by the trial court and it ruled that the court had no jurisdiction over the petition for review filed by the defendant. We construe the court's ruling to hold that the petition for review did not state sufficient facts to invoke the provisions of section 511.170.

Section 511.170 provides as follows: When such interlocutory judgment shall be made and final judgment entered thereon against any defendant *who shall not have been summoned* as required by this chapter, or *who shall not have appeared to the suit,* * * * such final judgment may be set aside, if the defendant shall, within the time herein limited, appear, and by petition for review, show good cause for setting aside such judgment." (Emphases ours.)

■ Section 511.200 provides as follows: "No such judgment shall be set aside unless the petition for review shall state the existence of the facts set forth in section 511.170 * * *." The petition for review filed by the defendant does not state that he was not summoned, and does not state that he did not appear to the suit. To the contrary is the statement contained in the petition for review that Irvin Friedman withdrew as attorney of record for defendant. This is an admission that he had an attorney of record representing him in the case. The record shows and it is undisputed by defendant that he personally entered his appearance when he asked the court for additional time to plead and that his attorney, Irvin Friedman, entered a general appearance for defendant when he entered his appearance and asked for additional time to plead and thereafter filed a motion in behalf of defendant attacking the petition. Defendant in his petition for review does not contend that he was not served with summons. He made no allegation that he was not served with summons and at no stage of the whole case did he ever make such contention.

**146**

In the case of Schneider v. Schneider, Mo.App., 273 S.W. 1081, loc. cit. 1083, this court said, when referring to the section of the statutes now under scrutiny: "The right to review, given by said section, lies in no case except where jurisdiction was acquired by constructive service. The petition herein alleges that the defendant was personally served with summons. Under this admission the defendant is not entitled to relief under the provisions of said section." (Citing cases.)

Another case, analogous in many respects to the instant case is Campbell v. Garton, 29 Mo. 343, loc. cit. 345, wherein the Supreme Court when reviewing a similar statute said:

"The record shows that the plaintiff in error, defendant in the ejectment suit, was duly summoned as required by law; and it also shows that he appeared to the action. But having been summoned was sufficient; and having failed to answer, his proper course was by motion to set aside the interlocutory judgment (R.C.1855, p. 1278, § 4, 5). Such a motion, it is true, was filed and overruled, and from the judgment of the court in overruling the motion the plaintiff could have appealed if the court had committed error."

We held in our previous opinion (322 S. W.2d 139) that defendant could have appealed from the order overruling his motion to set aside the default judgment, but failed to do so. Defendant's petition for review does not state the existence of the facts called for under section 511.170. Pursuant to the mandate of section 511.200 the failure to state the existence of such facts deprives the defendant of the benefit of the provisions of section 511.170.

Having failed to state the facts necessary to relief, the judgment of the trial court should be affirmed. It is so ordered.

WOLFE, P. J., and JOHN K. REGAN, Special Judge, concur.