Mary Helen LUCE, Respondent,

v.

Lawrence A. ANGLIN, Appellant.

No. KCD 27144.

Missouri Court of Appeals, Kansas City District.

March 29, 1976.

Don B. Roberson, Richard W. Noble, Kansas City (Shughart, Thomson & Kilroy, Kansas City, of counsel), for appellant.

Edmund R. Lipowicz, II, Independence, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SWOFFORD, Judge.

This is an appeal from a default judgment awarding damages for personal injuries, entered upon evidence adduced, in favor of the respondent (plaintiff) and a subsequent order by the trial court overruling appellant's (defendant's) alternate motion to set aside such judgment or for a new trial.

This case arose from an automobile accident which occurred on March 22, 1968. Defendant was insured by Allstate Insurance Company (Allstate) and duly reported the accident to it, and Allstate undertook his defense under its policy. No issue of coverage is involved.

The plaintiff retained counsel, Mr. Edmund R. Lipowicz II, who under date of May 17, 1968 advised Allstate and the defendant of his retention as plaintiff's attorney. Thereafter, Lipowicz and Allstate's claims representatives had conversations looking toward possible compromise of the claim. In April of 1971, one John Vanderlippe, a staff claims representative of Allstate, undertook these settlement negotiations, which eventually reached a stalemate with plaintiff's demand at $3500.00 and Allstate refusing to pay more than $750.00.

According to the testimony of Lipowicz, there was no further contact between him and Allstate or any of its representatives after April of 1971. He filed suit on March 16, 1973, less than a week before the bar of plaintiff's claim by the statute of limitations. The following day, the defendant was personally served with process, the suit papers were forwarded to Allstate by the defendant, and it undertook the handling of the claim on his behalf.

No answer was filed in the suit and on May 7, 1973, plaintiff appeared personally and by counsel for trial. The defendant made no appearance, evidence was adduced and a judgment was entered in the court below for $10,000.

On June 1, 1973, the defendant, through counsel, filed his answer without obtaining leave of court, and on June 7, 1973, he served written interrogatories on plaintiff.

On July 24, 1973, defendant served notice requesting that plaintiff's husband be joined in the suit. On August 22, 1973, the defendant filed a motion to compel answers to his interrogatories, which motion was sustained on September 21, 1973. Receiving no response, the defendant filed a motion to dismiss the action on October 12, 1973. Thereupon, plaintiff's attorney advised the court and counsel by letter of the default judgment (entered some five months before), and on October 29, 1973, the defendant's motion to dismiss was overruled, as moot.

The defendant thereupon filed his motion to set aside the judgment or for a new trial, which the court below overruled after an evidentiary hearing. This appeal followed.

The defendant raises two assignments of error, which may be summarized as follows: *First,* he asserts that the court erred in overruling his motion to set aside the judgment or for a new trial because (A) his default should be excused because the judgment was procured by "misrepresentation amounting to legal justification or excuse"; (B) he had a meritorious defense to plaintiff's case; (C) no prejudice "will accrue to plaintiff" by setting aside the judgment; and (D) the court below "did not exercise its discretion in conformity with the spirit of the law" favoring trials on the merits. *Second,* he asserts that the court erred in excluding a memorandum of claims agent Vanderlippe dated March 26, 1973 (10 days after suit was filed) which was part of Allstate's claim file on the case, which memorandum purported to reflect an oral agreement between Vanderlippe and Lipowicz, plaintiff's counsel, for an indefinite extension of time for defendant to answer the petition.

 Such a motion to set aside a judgment is one that invokes the sound discretion of the trial court, and this court will not interfere with the trial court's action unless the record clearly and convincingly demonstrates an abuse of such discretion.

*Cooper v. Armour and Co.,* 222 Mo.App. 1176, 15 S.W.2d 946, 951[3] (1929); *Whitledge v. Anderson Air Activities,* 276 S.W.2d 114, 116[3] (Mo.1955); *Askew v. Brown,* 450 S.W.2d 446, 450[6] (Mo.App. 1970). There are a number of broad elements and considerations which should be critically viewed to test the trial court's ruling on a motion to set aside a default judgment so as to· measure its action against the exercise of acceptable discretion on the one hand, and abuse of discretion, on the other hand, the former dictating non-interference at this appellate level, and the latter commanding it.

■■■■■ It is the generally accepted rule that the burden is upon the movant in a proceeding of this nature to establish two basic and vital facts, namely, that he has a good reason and excuse for the default and that he has a meritorious defense to the claim. *Whitledge v. Anderson Air Activities,* 276 S.W.2d 114, 116[3] (Mo.1955); *Edwards v. Rovin,* 322 S.W.2d 139, 142–143[4, 6] (Mo.App.1959); *Ward v. Cook United, Inc.,* 521 S.W.2d 461, 470[11] (Mo.App.1975). These elements of proof are recognized by appellant and covered in his Points Relied On IA and IB. However, unless these two points are clearly established by the record, his Points IC (that no prejudice would accrue to plaintiff by setting aside the judgment) and ID (that the ruling of the court violated the spirit of the law favoring trial on the merits), standing alone, would be insufficient to sustain the burden placed upon defendant. In passing, it should be noted that it is too obvious for comment, that plaintiff would be prejudiced if the judgment were set aside. She pursued her substantive right to assert her claim; she obtained a hearing of her cause upon default; she presented evidence in support of her claim that the defendant's automobile struck a light pole, glanced off and struck the side of the automobile in which plaintiff was riding while it was stopped in obedience to a traffic light; and, that he had been drinking. She further offered proof of her injuries and damage. She is now the creditor under a substantial and final judgment. Further, there is no dispute that the law favors the trial of litigation on the merits, but such generalization must be carefully applied to the facts of each case in the interest of justice and has no significance in the case at bar. The law defends with equal vigor the integrity of legal process and procedural rules and does not sanction disregard thereof.

There remains, therefore, as pertinent to this case, the points raised by defendant in his brief, IA and IB.

Defendant asserts that his default was justified or excused because the judgment was procured by "misrepresentation"; that his insurance carrier was "lured" into the default by an agreement with plaintiff's counsel for an indefinite extension of time to file an answer; and, that if his insurer was negligent in handling the suit and thus permitted the default, that such negligence cannot be imputed to him.

This record shows a direct and irreconcilable conflict in the testimony of the Allstate's claims representative, Vanderlippe, and plaintiff's counsel with reference to the purported agreement. Vanderlippe stated, in substance, that after he received the suit papers from the defendant in March, 1973, in a telephone conversation with Lipowicz an agreement was reached that a further attempt would be made to settle the case, and that Lipowicz would contact his people (plaintiff and her husband) and call back, and that Lipowicz agreed that the time to answer would be extended indefinitely. In response to the questions propounded to him by the trial court and counsel at the hearing, he stated, however, that no specific time extension was mentioned; that nothing was said as to whether or not a judgment would be taken; that he did not advise Lipowicz that an answer would not be filed until he, Vanderlippe, heard from Lipowicz; and, that the extension was just "general" until it was ascertained if the case could be settled. He stated that in this conversation he "reiterated our position", referring to the settlement offer of $750.00 made in 1971, and previously rejected.

On the other hand, Lipowicz testified that he had no contact with Vanderlippe (or

anyone else connected with Allstate) after April of 1971, and categorically and flatly denied any agreement was made for an extension of time to file answer. Thus, the credibility of witnesses Vanderlippe and Lipowicz was directly in issue and for decision by the trial court. Obviously, the court chose to believe Lipowitz and it cannot be said that this was not based upon substantial evidence or demonstrated any abuse of discretion, and such determination of credibility will not be disturbed here.

■ The point that Allstate's negligence, if any, cannot be imputed to defendant is likewise without merit. *Distefano v. Kansas City Southern Railway Company,* 501 S.W.2d 551, 553[3] (Mo.App.1973); *Ward v. Cook United, Inc.,* 521 S.W.2d 461, 472–474[15, 16, 17] (Mo.App.1975), and cases cited therein. Defendant's Point IA is ruled against him.

■ As to defendant's Point IB, the record is absolutely void of any showing that he had a meritorious defense to plaintiff's claim. The original pleadings have been examined and reveal that the tardy answer filed by defendant was in the nature of a general denial coupled with a charge of contributory negligence against the plaintiff as a guest in the automobile struck by defendant. Pleadings do not prove themselves. No evidence of any kind to support a defense was proffered at the evidentiary hearing on the motion to set aside the default. While defendant should not be required at that stage to present extensive evidence or a full-blown defense, he should be required to make some showing to the court of the existence of at least an arguable theory of defense. This was not done, and the only evidence before the court in this area was plaintiff's account of how the collision occurred, as stated in the default hearing. The defendant, therefore, failed to meet his burden of proof as to the existence of a meritorious defense. His Point IB is ruled against him.

■ The defendant's Point II relates to the court's refusal to admit into evidence a memorandum dated March 26, 1973, purportedly written by claims agent Vanderlippe to himself reflecting the alleged telephone conversation with Lipowicz, following receipt of the suit papers from the defendant. This was identified as a part of the claim file on plaintiff's claim for damages which resulted in the judgment here involved. When offered, the plaintiff objected on the basis that it was a self-serving statement and not shown to be a part of the business records of Allstate. The objection was sustained. This action of the trial court is now urged by defendant as reversible error. Regardless of whether or not the memorandum was shown to be a business record under the Uniform Business Records as Evidence Act (or assuming *arguendo* that it was so qualified) it was nevertheless inadmissible as being self-serving.

The appellant argues that since the memorandum was shown to be part of the business records of Allstate, it was automatically admissible as evidence, regardless of its contents, and also, that since Allstate was not a party to the suit, the document should not have been excluded upon the basis of its being self-serving. There is no validity to this position. The applicable statute, Section 490.680 RSMo 1969, after enumerating the necessary steps to identify the records as qualified under the Act and providing that such are admissible evidence, concludes:

" * * * if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

The trial court is given broad discretion in the applicability of and compliance with the statute. *Rossomanno v. Laclede Cab Co.,* 328 S.W.2d 677, 683[13, 14] (Mo. banc 1959).

When business records are qualified under the Act, two things are accomplished: *One,* possible hearsay objections to such records are eliminated; and *second,* the records become *generally* admissible. Recognizing this rule, the court in *Allen v. St. Louis Public Service Company,* 365 Mo. 677, 285 S.W.2d 663, 666[4, 5] (1956), follow-

ing a number of earlier cases cited therein, said:

"We do not hold, however, that the proper qualification of hospital records under the Act *necessarily makes all parts of the record automatically admissible. If* specific and *legally proper objections are made to parts of the record on grounds other than hearsay generally, such parts may be properly excluded.* * * * And it has been said that the Act does not make relevant that which would not otherwise be relevant. * * * In other words, all that the Act does, essentially, is to eliminate the hearsay objection." (Emphasis supplied)

While counsel have cited no Missouri case (and independent research has discovered none) which specifically applies this rule to the claim files of liability insurer carriers, there is no logical reason why such should not apply to that kind of business record. Although the defendant here did not attempt to offer the whole claim file, he attempted to qualify the whole file under the Act and then had marked as an exhibit and offered only the March 26, 1973 memorandum of Claims Agent Vanderlippe. The defendant has not filed the rejected exhibit with the court and has thus violated Rule 81.15 and the court, therefore, has had no opportunity to see its exact wording. But enough appears from the record to conclude that it contained a terse notation of the alleged agreement with Lipowicz for an indefinite extension of time to answer in substantially the same (but abbreviated) form as Vanderlippe's oral testimony. The facts as put forward by Vanderlippe were all before the court, so it is difficult to see how the admission of the memorandum would have strengthened the position of defendant, which the court did not ultimately accept in arriving at a decision.

The position of the defendant on the corollary argument is somewhat obscure, but the conclusion is reached that his stand is taken, not upon the premise that the memorandum did not contain self-serving statements, but rather the objection is not tenable because Allstate was not a named party to the litigation.

Prior to the 1975 decision in *Ward v. Cook United, Inc.,* supra, the appellate courts had not undertaken to define the exact relationship of claims representatives of the insurer to insureds with reference to the events and commitments of the litigation. Indeed, as pointed out in *Ward,* the courts of the various jurisdictions are not in accord in this area. The weight of authority heretofore has been that the relationship was that of independent contractor. The "modern" rule is that it is one of principal and agent. Some textbook authors describe the relationship as so complex that it does not fit precisely into one of the niches of the law, and that it partakes in part of an agency relationship, that of an independent contractor, and in many cases that of a fiduciary. Appleman, Insurance Law and Practice, Vol. 7A, Section 4681, pp. 423–424, and Footnote 5 at page 424.

■ In *Ward v. Cook United, Inc.,* supra, 521 S.W.2d 461, 472–474[15–16] (Mo. App.1975), this court held that the relationship that existed between a defendant-insured and the claims manager of its liability insurer carrier was that of principal and agent, and that the negligence of the agent was therefore imputable to the principal. No reason has been advanced, nor does one appear, why the reasoning in *Ward* does not apply with equal force in the case at bar. It follows that Vanderlippe occupied the position of agent to defendant, Anglin, in the handling of the plaintiff's claim against him; that Vanderlippe's conduct of the negotiations leading to the default were the acts of and chargeable to the defendant; that Allstate though not a named defendant, was in fact a real party in interest; and, that the objection to the memorandum by Vanderlippe of March 26, 1973 (that it was self-serving) was properly sustained. To rule otherwise and permit the introduction of self-serving statements in the nature of office memoranda written by a liability insurer's claims representative to himself or any intra-office memoranda of such a nature upon the basis that the insurance

carrier was not a named party to the suit, could open a vista of possible abuse of appalling magnitude. Defendant's Point II is ruled against him.

The judgment is affirmed.

All concur.