**WILLIAMS ENERGY COMPANY,**
**Respondent,**

v.

**TRACY TRUCK LEASING, INC., et al., Appellants.**

No. 38809.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 7, 1978.

Motions for Rehearing and/or Transfer Denied March 10, 1978.

Application to Transfer Denied April 10, 1978.

Robert V. Niedner, Niedner, Moerschel, Alheim & Bodeux, St. Charles, for appellants.

E. Rex Bradley, Peter J. Grewach, Troy, for respondent.

CLEMENS, Presiding Judge.

When defendants failed to appear for their duly scheduled trials, the court rendered judgments for plaintiff. Thereafter the trial court denied defendants' motion to set aside the judgments and defendants, now represented by Mr. Robert V. Niedner, have appealed. We affirm.

Plaintiff had filed two petitions for damages and defendants answered by general denials. On October 20, 1976 the court issued a two-pronged order, removing certain cases from its active docket and setting other cases for trial. The order was circulated to all attorneys of record. It listed the removed cases and then listed new trial settings. Plaintiffs' two cases were set for trial on November 15 and 18, 1976. On November 2, 1976 defendants' trial counsel, Mr. Lee Young of Union, Missouri—without notifying plaintiffs' counsel—wrote letters to the court requesting removal of the two cases from their trial settings to allow defendants to file counterclaims. The record shows no response from the court. Defendants' counsel failed to appear at trial and after hearing plaintiff's evidence the court rendered judgments against defendants.

Defendants now contend the trial court erred in denying their motion to set aside the judgments because (1) defendants' trial counsel had good cause for failing to appear for trial, (2) the trial court's action was an unnecessarily harsh exercise of its discretion, (3) the negligence of counsel should not be imputed to defendants.

Defendants first contend the trial court erred in refusing to set aside the judgments because defense counsel misinterpreted the order setting the cases for trial and that was a reasonable excuse for his failure to appear for trial.

In *Luce v. Anglin,* 535 S.W.2d 504[2–4] (Mo.App.1976), the court stated: " . . . there is no dispute that the law favors the trial of litigation on the merits, but such generalization must be carefully applied to the facts of each case in the interest of justice . . .. The law defends with equal vigor the integrity of legal process and procedural rules and does not sanction disregard thereof."

■ A default judgment[1] will not be set aside unless defendant has shown a reasonable excuse for the default and a meritorious defense. *Luce, supra,* at p. 507[2–4]. And, the judgment will not be disturbed on appeal unless the elements of reasonable excuse and meritorious defense are so clearly apparent that the refusal to set aside was arbitrary. *Whitledge v. Anderson Air Activities,* 276 S.W.2d 114[3] (Mo.1955).

■ The record does not support defendants' contention of reasonable excuse. A copy of the court's order sent defendants' trial counsel consisted initially of two pages of cases removed from the court's active docket. Near the top of the third page, double broken lines appear across the page, enclosing the headings "Number," "Style of Case," "Attorney," and "Date Set." Plaintiff's two cases are listed there and the court's order is unambiguous. By affidavit defendants' trial attorney admits he did not carefully examine the order. Excusable mistake must be free from negligence by the party seeking relief. *Young v. Cole,* 549 S.W.2d 625[2] (Mo.App.1977); *Falcon Enterprises, Inc. v. Precise Forms, Inc.,* 509 S.W.2d 170[6] (Mo.App.1974).

There is also some question as to the accuracy of defense attorney's present contention on this. After receiving and alleging he misread the order to mean his two cases had been removed from the trial docket, he wrote the circuit court to request that the *same* cases be removed from the trial settings. We find no explanation for this inconsistency. We cannot conclude defense counsel was free from negligence in not appearing for trial.

■ Even if defendants' counsel was free from negligence in misinterpreting the court order, he had no reason to assume the two cases would be removed from the trial docket just because he had requested removal. In *Falcon Enterprises, supra,* at p. 174[7], the court affirmed the trial court's refusal to set aside a judgment for defendants on their counterclaim where plaintiff's excuse for non-appearance at trial was that he assumed the trial had been reset after receiving a notice from defendant rescheduling a deposition for a date subsequent to the trial date. The court found plaintiff negligent in failing to verify whether the trial had been reset.

*Vaughn v. Ripley,* 446 S.W.2d 475[8, 9] (Mo.App.1969), was a remarkably similar case. Defendant pleaded but failed to appear for trial. The court upheld a refusal to set aside the judgment and cautioned: "During the progress of a cause, a lawyer is charged with the duty and presumed to know what is going on in his case . . . (and) a party or his lawyer must be vigilant to follow the progress of the proceeding in which he is involved."

We hold the trial court did not err in finding defendants failed to show good cause for not appearing for trial.

■ Nor have defendants demonstrated any meritorious defense. Their initial pleadings were general denials. However, in their motions to set aside the judgments,

1. When a defendant has pleaded, the case is no longer "in default." *Donnell v. Vigus Quarries, Inc.,* 457 S.W.2d 249[1] (Mo.App.1970). But when defendant thereafter inexcusably fails to timely appear for trial, the court may hear evidence and render judgment as if the case were "in default." *National City Bank v. Pattiz,* 26 S.W.2d 815[1] (Mo.App.1930); *J. G. Jackson Associates v. Mosley,* 308 S.W.2d 774[3] (Mo.App.1958); 49 C.J.S. Judgments §§ 187, 198.

defense counsel asserted a defense based on contract. No copy of the alleged contract was attached to the motion. It is insufficient to plead defendant has a meritorious defense without alleging facts to show such a defense. *Edwards v. Rovin,* 322 S.W.2d 139[6, 7] (Mo.App.1959). And, "While defendant should not be required at [the motion] stage to present extensive evidence or a full-blown defense, he should be required to make some showing to the court of the existence of at least an arguable theory of defense." *Luce, supra,* at 535 S.W.2d 504[6–8]. The record is devoid of any showing of meritorious defense to plaintiff's cases.

■ Defendants urge that plaintiff will suffer no hardship if the judgments are set aside. This is irrelevant. Where the defaulting party seeking relief fails to prove reasonable excuse and meritorious defense, the sole fact that no prejudice will accrue to his opponent by setting aside the judgment is insufficient to sustain his burden of proof. *Luce, supra,* at p. 507[2–4].

Defendants next contend the trial court's refusal to set aside the judgment is a harsh and drastic exercise of its discretion. Our discussion of defendant's first point on appeal disposes of this argument because we find there was no abuse of discretion.

■ Finally, defendants argue that the negligence of their attorney should not be imputed to them. The argument lacks merit. "The law regards the negligence of an attorney as the client's own neglect and will give no relief from the consequences thereof." *Culp v. Culp,* 216 S.W.2d 551[3] (Mo.App.1948). See also *Hamm v. Hamm,* 437 S.W.2d 449[10–11] (Mo.App.1969) and *Dodge v. Safe-Guard Sales, Inc.,* 356 S.W.2d 101[2] (Mo.App.1962).

Defendants cite *Robinson v. Clements,* 409 S.W.2d 215[7] (Mo.App.1966) in support of their contention. That case is distinguishable. There, the fraudulent conduct of plaintiff's attorney caused the neglect by defendant's attorney. Accordingly, the court refused to impute the attorney's neg-

ligence to his client. No fraud is involved here.

Judgments affirmed.

SMITH and McMILLIAN, JJ., concur.