**J & J WINDOW SALES, INC.,**
**Respondent,**

v.

**Frances J. MUELLER, Appellant.**

**No. 38971.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

May 23, 1978.

William G. O'Donnell, Clayton, for appellant.

Paul A. Hennerich, III, Clayton, Homer N. Mastorakos, Mastorakos & Kopsky, Chesterfield, for respondent.

WEIER, Judge.

Defendant has appealed from a judgment entered against her for the sum of $3,062 which is also declared to be a mechanic's lien against certain real estate described in the plaintiff's petition. This judgment ensued after a prolonged period which commenced according to the transcript with the filing of a petition on June 18, 1975. Thereafter, on January 14, 1976, defendant filed an answer in which she admitted that plaintiff was a Missouri corporation, that she resided in St. Charles County, Missouri, and was the fee simple owner of the real estate described in plaintiff's petition. She denied all other allegations in plaintiff's petition. On March 29, 1976, ten interrogatories with numerous subinterrogatories were submitted to defendant by plaintiff. A motion to strike defendant's pleadings for failure to answer these interrogatories and to render judgment by default in accordance with Rule 61.01(b) was filed by plaintiff on July 19, 1976. Plaintiff then sent a notice to defendant and her then attorney that the motion would be called for hearing. The court entered an order requiring the defendant to answer plaintiff's interrogatories on or before the 15th day of October, 1976. The court at that time also added

this interlocutory entry to its ruling on the motion:

"Upon defendant's failure to comply with this order, defendant's pleadings and Answer herein filed are to be stricken and judgment entered in favor of plaintiff on Count I of plaintiff's petition for the sum of $3,062.00; together with interest at the rate of 6% per annum, from and after the 9th day of January, 1976; that said judgment be declared a mechanic's lien against the realty as described in plaintiff's petition; and for plaintiff's costs herein expended and incurred."

On October 15, 1976, the last day that the defendant was allowed to answer plaintiff's interrogatories, she filed answers to eight of the interrogatories and objections to two. Plaintiff thereupon moved the court to grant it judgment in accordance with the court's order because defendant had failed to properly answer plaintiff's written interrogatories by October 15, 1976, as required in the order. A notice was then sent to plaintiff and her former attorney of record that this motion would be called before the court for hearing on January 21, 1977. The notice was dated January 17, 1977. On January 21, 1977, the court entered judgment against defendant in accordance with its order entered on September 24, 1976. On January 31, 1977, defendant filed a motion to vacate the judgment which motion was heard and denied on February 11, 1977.

■ On appeal defendant's contentions are three. First, it is contended the trial court erred in entering judgment for plaintiff because defendant was not given reasonable notice that the motion for judgment would be heard. The facts do not support this contention. The notice was filed January 17, 1977, and bore upon it a certification by the attorney for plaintiff that a copy had been mailed to plaintiff on January 14, 1977. Defendant argues because even assuming that she could have received the notice on January 17 which was a Monday, she still was given only four days' notice and that this was not reasonable. Under Rule 43.01 service of a motion may be made upon a party by mailing a copy to him and unless otherwise specified, under Rule 44.01(d) a notice of a hearing on a motion is required to be served not later than five days before the time specified for the hearing. Rule 43.01(c) states: "Service by mail is complete upon mailing." The time intervening between mailing the notice on January 14, 1977, and the date of hearing January 21, 1977, some seven days, was more than adequate.

■ Appellant next complains about the court's action in entering judgment against her because the judgment "on its face it shows that it is irregular inasmuch as defendant had fully complied with the court's order of September 24, 1976, and the provisions of Supreme Court Rule 61.01(b)." Reviewing the record, it clearly appears that defendant did not comply with the court's order and with the provisions of the rule referred to. Interrogatories were filed March 29, 1976. The party upon whom the interrogatories had been served is required to serve a copy of the answers and objections within twenty days after service of the interrogatories. Rule 57.01(a). The record does not disclose that any formal order was entered on the answering of interrogatories until September 24, 1976, at which time the court ordered the defendant to answer the interrogatories on or before the 15th day of October, 1976. The record does not disclose any motion on the part of defendant to be allowed to file objections to the interrogatories by that time nor any court ruling allowing the late filing of objections. On October 15, 1976, the defendant failed to comply with the court's order by answering only eight of the interrogatories. Defendant had already failed to comply with Rule 57.01(a) in observing the twenty day limit set out therein for the filing of answers after service of interrogatories. Defendant failed to comply with the court's order. The court was acting well within its prerogatives under Rule 61.01(b) in imposing the sanction of striking the defendant's answer and rendering judgment by default against her. Speaking on this matter in *State ex rel. Jones v. Reagan*, 382 S.W.2d 426, 430 (Mo.App.1964), we said:

"If the trial court had no power to enter a default under these circumstances, then the rule has no purpose, and the answers to interrogatories could never be compelled. Whether or not defendant had an answer on file is not in point. Under the aggravated circumstances showing defendant's utter disregard for various orders of court and notice of motions, the trial court exercised its discretionary power to enter judgment by default for defendant's failure to answer interrogatories."

■ It is noted that the motion to vacate the judgment was filed January 31, 1977, well within fifteen days after the judgment was rendered on January 21, 1977. This is a timely motion and is as effective as though it were denominated a motion for new trial. Although it would extend the time within which the trial court might consider it (Rule 78.06; *Gorzel v. Orlamander*, 352 S.W.2d 675, 677[1] (Mo.1961)), the court on February 11, 1977, well within the thirty days after rendition of the judgment on January 21, 1977, (Rule 75.01) and after argument of counsel, denied the motion to set aside the judgment. At the time this occurred, in remarks which were transcribed and supplied to us in the record on appeal the court patiently described the course of events culminating in the order of September 24, 1976. It was pointed out that the judge had ordered the interrogatories be answered on or before October 15, 1976, and had set out in the order the consequences of the defendant's failure to answer. The judge stated that he did not know how he could have made a more specific order for requiring answers by that particular date. We are in complete agreement that the court exercised its discretion properly in the matter and exhibited a very patient attitude toward defendant on her failure to comply with discovery rules. We are further mindful of the fact that the court had another excellent reason to deny defendant relief which was not mentioned at the time. This we will call upon now in denying defendant's last contention on appeal: that the court erred when it failed to consider that defendant had a good defense to the action.

■ Nowhere in the motion to set aside the judgment is there any allegation of facts which would indicate that defendant had a meritorious defense. Merely alleging that the defendant had a meritorious defense is a conclusion. The facts constituting the proposed defense must also be set forth in detail so the court may judge whether it is meritorious and sufficient. The motion to set aside the judgment in its fourth paragraph said: "That Defendant has a good and adequate defense to the allegations of Plaintiff's Petition." Even though this may be considered to be a timely motion for new trial, as a prerequisite to obtaining the relief prayed for, it was incumbent upon the defendant to prove in some manner that she had a meritorious defense to the action. *Gorzel, supra* at 678[2, 3]; *see also, Luce v. Anglin*, 535 S.W.2d 504, 508[6, 7] (Mo.App.1976); *State ex rel. Diners' Financial Corporation v. Swink*, 434 S.W.2d 593, 596[3] (Mo.App. 1968). Defendant's unverified answer merely denied the controverted allegations in plaintiff's petition. According to the transcript the motion to set aside the judgment was not verified. There were no affidavits in the transcript in support of this bare statement and no testimony was offered at the hearing of the motion.

It is apparent that the court below had good reason to enter judgment against the defendant after failing not only to comply with the court rules in regard to filing answers to interrogatories but also with respect to the court order imposing the sanction of a default judgment in the event that defendant failed to file answers by a certain day. Furthermore, defendant has failed to show any fact which would indicate that she had a meritorious defense to the action in her motion to set aside the judgment. This in itself was sufficient justification for the court to deny the motion. *Gorzel, supra* at 678[2, 3].

The judgment is affirmed.

GUNN, P. J., and KELLY, J., concur.