**STATE BANK OF DESOTO,**
**Respondent,**

v.

**Joseph NEWMAN and Sho–Me**
**Builders, Appellants.**

**No. 41882.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 5, 1980.

Morton I. Golder, Clayton, for appellants.

Richard W. French, James E. Bowles, Hillsboro, for respondent.

CRIST, Presiding Judge.

Defendants complain about a judgment entered against them which resulted from their failure to appear for a scheduled trial date. Apparently, defendants answered plaintiff's petition and were well apprised of the trial sitting but were willing to accept an adverse quasi–default judgment because they believed said judgment would be rendered a nullity when they declared bankruptcy. Two weeks after the entry of judgment, defendant decided not to file for bankruptcy and sought to have this judgment set aside. The trial court denied their motion to set aside the judgment and defendants appeal. We affirm.

A trial court exercises considerable discretion in control of its judgments and its refusal to set aside a particular judgment will not be disturbed on appeal unless the elements of reasonable excuse and meritorious defense are so clearly apparent that the refusal to set aside was arbitrary. *Williams Energy Co. v. Tracy*

*Truck Leasing*, 562 S.W.2d 765, 767 (Mo. App.1978). The record herein discloses no abuse of the trial court's discretion in this regard.

The judgment from which defendants' appeal is supported by substantial evidence and is not against the weight of the evidence. *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976). No error of law appears and an extended opinion would have no precedential value. Accordingly, judgment is affirmed per Rule 84.16(b).

Affirmed.

REINHARD and SNYDER, JJ., concur.