Christine M. HALL (now Smith), Appellant,

v.

Dale HALL, Respondent.

No. WD 36031.

Missouri Court of Appeals, Western District.

July 9, 1985.

Curtis G. Hanrahan, Jefferson City, for appellant; Spencer & Hendricks, Jefferson City, of counsel.

Lori Levine, Jefferson City, for respondent; Carson, Monaco, Coil, Riley and McMillin, Jefferson City, of counsel.

Before NUGENT, P.J., and PRITCHARD and CLARK, JJ.

PRITCHARD, Judge.

Respondent, pursuant to his motion to modify a December 22, 1981, decree of dissolution, was granted custody of his son, born January 21, 1981. Appellant contests the award of custody.

The dissolution decree provided that appellant have custody of the son, subject to respondent's visitation rights as set forth in their separation agreement. Appellant remarried on June 4, 1983, and in July of that year she took the son with her to North Carolina during her husband's temporary military assignment there. Respondent was allowed to pick up his son on July 30th and to keep him until appellant returned to Missouri on September 25, 1983. During that interim, appellant made no attempt to contact the child.

On September 25, 1983, appellant informed respondent that she would in a few weeks be taking the son to California where her husband had been assigned to a military base. The separation agreement provided that appellant would not remove the child from Jefferson City (it is not clear, but that provision may have been amended by interlineation to change "Jefferson City" to "Missouri") without court approval or the written approval of respondent. On September 29, 1983, respondent filed a motion to modify the custody portion of the decree, asking for custody of the son, and coupled it with a motion for a temporary restraining order prohibiting appellant from removing the child from Missouri pending the hearing on the motion to modify, which restraining order was granted on the same day. A reply, verified by appellant, to the motion to modify was filed October 11, 1983.

On the second weekend of February, 1984, respondent went to pick up the son for visitation, and was informed by appellant's father that she and the child had left the state. Counsel for both parties appeared in court and agreed that the motion to modify custody and one for contempt which had been filed be disposed at one hearing set for April 18, 1984. At that hearing, the motion for contempt was denied, but respondent's motion for custody of the child was sustained, appellant being absent from that hearing. Her motion to vacate and set aside the judgment and for new trial was denied on June 4, 1984. She asserts error in that denial, and in the court's award of custody to respondent.

On May 2, 1984, by an attorney other than the one who represented her at and prior to the hearing on the motion to modify, appellant filed her motion to vacate and set aside judgment. In it she alleged that due to a breakdown in communication with her former attorney and problems in transporting the son and a newborn infant across country, she was unable to attend the *show cause* hearing and was unable to contact her attorney or the court to communicate her temporary inability to attend the hearing. She alleged that she was given no *written* notice of hearing (April 18, 1984) on the *motion to modify,* and she was not aware that the motion would be heard at the same time as the motion for contempt. In violation of Rule 78.05, which requires that affidavits be served with the motion [else the affidavit may be disregarded, *Holt v. Queen City Loan & Investment Inc.,* 377 S.W.2d 393, 402 (Mo. 1964) ], appellant filed an affidavit on May

11, 1984 generally tracking the allegations of her motion.

At the hearing on the motion, at which appellant was not present personally (her present attorney appeared), appellant's former attorney testified that appellant was still located in Jefferson City when the motion for contempt was filed, and thereafter she left the state, advising him later of her address in San Diego. He wrote to appellant on March 20, 1984, in which he advised her of the April 18th hearing. On March 23, 1984, appellant called her then lawyer and informed him that she had not received a copy of the pleadings. He told her then, on the phone, of the April 18th hearing, and later sent out a second set of pleadings, and a letter, which were never returned to him. Appellant called her then lawyer on April 2, but did not talk to him. An appointment was set up for her to call the next day, but she did not call, and he did not hear from her after that. Appellant's counsel talked with her (apparently on March 23, 1984), "I told her my understanding was that the Show Cause hearing was set for the 18th on the contempt and that you [opposing counsel] had informed me that if she failed to appear for that hearing you intended to take up the motion to modify at that time. Q. All right. So you explained to her that the motion to modify would be heard on that date if she failed to appear? A. Right. Q. That you and I had discussed that and agreed to that? A. Yes. Q. So she was informed of that? A. Yes." Appellant's then counsel had no reason to believe that he was not representing her on the hearing of April 18th, and he came and appeared on her behalf, expecting her to be there, but not knowing for sure that she would—no one ever advised him that she did not intend to appear.

Even if appellant's affidavit may be considered, it is not binding on the court. *Cloyd v. Cloyd*, 564 S.W.2d 337, 343[10] (Mo.App.1978), and cases cited. The trial court could believe the testimony, given in court, of appellant's former attorney that he informed her that the motion to modify the child custody decree would be taken up on April 18th. In addition to the fact that appellant was chargeable with notice of all subsequent steps taken in the case (after she filed her verified reply) here, the trial court could find that she had actual notice of the hearing well before the date that it was set. She has shown no reasonable excuse for not appearing with the child, both being subject to the jurisdiction of the trial court. Under this record the trial court did not abuse its discretion in refusing to set aside its judgment. *State Bank of DeSoto v. Newman*, 607 S.W.2d 856 (Mo.App.1980).

Appellant further contends that order transferring custody to respondent was not supported by substantial evidence of a change in circumstances. The Eighty-Second General Assembly in 1983, effective September 28, 1983, amended § 452.375 by adding, "6. A person entitled to the custody of a child shall not change the residence of the child to another state or remove the child from this state for a period of time exceeding ninety days except upon order of the court or with the written consent of the parties with custody or visitation rights. Where the noncustodial person has been given visitation rights by the custody decree, such court permission may be granted only after notice to the person having visitation rights and after opportunity for hearing. Violation of a court order under this subsection may be deemed a change of circumstances under section 452.410, allowing a court to modify the prior custody decree." [This amendment is now codified under § 452.377, L.1984, p. 732, H.B. 1513, § 1 (§ 452.375.6).] The restraining order was issued the day after the effective date of the amendment, and appellant violated it. Thus, under amended § 452.375, the trial court was entitled to rule that the removal of the child to California, in violation of the temporary restraining order, was a sufficient basis alone to change custody. But the ruling does not rest alone on that violation. The evidence is that appellant has remarried and has an infant child by that marriage, and she has moved to

California to be with her present husband who is in the military service there. In that state the child has contact only with his mother, stepfather, and the infant half-brother or sister, and no others. On the other hand, in Missouri, the child has his father, also remarried and steadily employed, living in a two bedroom apartment for about two years, where also the child has numerous family connections. Respondent has demonstrated interest in the child by the faithful exercise of his visitation rights, even in California after the child was removed there by appellant. The evidence is substantial and supports the trial court's award of custody, which is not the result of an erroneous declaration or application of the law. *In re Marriage of Scobee*, 667 S.W.2d 467 (Mo.App.1984).

The judgment is affirmed.

All concur.